

080131.29

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

MIKE ANDREESCU and
MADALINA D. ANDREESCU,

        Plaintiffs,

v.

FORD MOTOR COMPANY and
JAGUAR CARS, LTD., a subsidiary of
FORD MOTOR COMPANY,

        Defendants.

08cv1663
JUDGE KOCORAS
MAG. JUDGE ASHMAN

No.

Removed from the Circuit Court of Cook
County, Illinois, County Department, Law
Division

**F I L E D**

MAR 2 1 2008
Mar 21, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT.

## NOTICE OF REMOVAL

Defendants Ford Motor Company ("Ford") and Jaguar Cars, Limited ("Jaguar"), by their

attorneys, John A. Krivicich, Edward E. Fu, and Donohue Brown Mathewson & Smyth LLC, hereby

remove this action from the Circuit Court of Cook County, Illinois, County Department, Law

Division, to this Court. In support of their notice of removal, defendants state as follows:

1.     Defendants file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441 and

1446. This notice has been timely filed with this Court within one year of the filing of plaintiffs'

complaint and within thirty (30) days of the entry of an order from the Circuit Court of Cook County

dismissing Jaguar Elmhurst, Ltd., the only non-diverse defendant named in plaintiffs' complaint,

rendering this case removable to this Court. (*See* 28 U.S.C. § 1446(b)).

2.     Plaintiffs commenced this action in the Circuit Court of Cook County Illinois, County

Department, Law Division, on January 4, 2008 by filing a fourteen-count complaint styled as <u>Mike

Andreescu and Madalina D. Andreescu v. Ford Motor Company, Jaguar Cars, Ltd., a subsidiary of</u>

Ford Motor Company, and Jaguar Elmhurst, Ltd., case number 08 L 91. (*See* Plaintiffs' Complaint at Law, attached as Exhibit A).

3.     Plaintiffs Mike and Madalina Andreescu are citizens and residents of Illinois.

4.     Ford is, and was at the time of the institution of this case, a Delaware corporation with its principal place of business in Dearborn, Michigan. Ford is not a citizen or resident of Illinois.

5.     Jaguar is, and was at the time of the institution of this case, incorporated in the United Kingdom with its principal place of business in the United Kingdom. Jaguar is not a citizen or resident of Illinois.

6.     Jaguar Elmhurst, Ltd. is, and was at the time of the institution of this case, an Illinois corporation with its principal place of business in Illinois.

7.     Plaintiffs filed a motion to voluntarily dismiss Jaguar Elmhurst, Ltd., pursuant to 735 ILCS 5/2-1009. The Circuit Court of Cook County entered an order granting plaintiffs' motion on February 22, 2008. (*See* Judge Ronald S. Davis' order, attached as Exhibit B).

8.     Based on plaintiffs' voluntary dismissal of Jaguar Elmhurst, Ltd., complete diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332 (a)(3); *Zenith Elecs. Corp. v. Kimball Int'l Mfg., Inc.*, 114 F. Supp. 2d 764, 768 (N.D. Ill 2000).

9.     Mike Andreescu has alleged he sustained severe and permanent injuries; has suffered and will continue to suffer great pain and anguish; has become liable and will continue to become liable for large sums of money for medical care, and that Madalina Andreescu has and will continue to suffer from loss of consortium. Based on the foregoing allegations and the other allegations of plaintiffs' complaint, defendants have a good faith belief that there is at least one claim as to which the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g., Rubel v.*

- 2 -

*Pfizer, Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004). *See also Campbell v. Bayou Steel Corp.*, 338 F. Supp. 2d 896 (N.D. Ill. 2004); *McCoy v. General Motors Corp.*, 226 F. Supp. 2d 939 (N.D. Ill. 2002).

10.    Given the complete diversity of citizenship between the parties and the amount in controversy, this action may be removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441 and 1446. *See, e.g., Northern Trust Co. v. Bunge Corp.*, 899 F. 2d 591, 593 (7th Cir. 1990).

11.    Defendants have provided written notice of this removal to Plaintiffs' counsel.

12.    Attached hereto as Exhibit C is the notice of filing of notice of removal filed this date with the Clerk of the Circuit Court of Cook County, Illinois.

13.    Attached hereto as Exhibit D are all other process, pleadings and orders served upon these defendants in this case in the Circuit Court of Cook County.

14.    This notice is signed pursuant to F. R. Civ. P. 11.

**WHEREFORE**, Defendants Ford Motor Company and Jaguar Cars, Limited, respectfully remove this action to the United States District Court for the Northern District of Illinois, Eastern Division, and request that this Court assume jurisdiction over this action until the final determination thereof.

Dated: March 21, 2008.

Respectfully submitted,

Ford Motor Company and Jaguar Cars Limited

By:    _____s/ John A. Krivicich_____

One of their Attorneys

- 3 -

DONOHUE BROWN MATHEWSON & SMYTH LLC
John A. Krivicich       ARDC No. 3127319
Edward E. Fu            ARDC No. 6289519
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:     (312) 422-0900
Facsimile:     (312) 422-0909

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| MIKE ANDREESCU, and | ) | |
| MADALINA D. ANDREESCU, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No.: |
| | ) | |
| FORD MOTOR COMPANY, | ) | |
| JAGUAR CARS, LTD., a subsidiary of | ) | |
| FORD MOTOR COMPANY, and | ) | |
| JAGUAR ELMHURST, LTD., | ) | Calendar: |
| | ) | |
| Defendants. | ) | |

### COMPLAINT AT LAW

NOW COME Plaintiffs, MIKE ANDREESCU and MADALINA D. ANDREESCU, by

their attorneys, O'CONNOR & KARNES, and complain of the Defendants, FORD MOTOR

COMPANY, JAGUAR CARS, LTD., and JAGUAR ELMHUR-ST, LTD., as follows:

### COUNT I – STRICT PRODUCT LIABILITY (FORD MOTOR COMPANY)

1.    Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing

business in Illinois, which at all relevant times was and is engaged in the business of

designing, manufacturing, and selling, Jaguar automobiles and their component parts.

2.    Defendant, JAGUAR CARS, LTD., a subsidiary of FORD MOTOR COMPANY,

is a Delaware corporation doing business in Illinois, which at all relevant times was and

is engaged in the business of designing, manufacturing, and selling, automobiles and

their component parts.

3.    Defendant, JAGUAR ELMHURST, LTD., is an Illinois Corporation doing

business in Illinois, which at all relevant times was and is engaged in the business of



retailing, selling, distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY and/or JAGUAR CARS, LTD., to consumers.

4.     At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard, Illinois.

5.     Plaintiff purchased a new 2005 Jaguar X-Type automobile, VIN # SAJW352D45XE21837 ("2005 Jaguar"), manufactured by FORD MOTOR COMPANY, from JAGUAR ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

6.     At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

7.     At all relevant times, JAGUAR CARS, LTD., was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

8.     At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

9.     At all relevant times FORD MOTOR COMPANY was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

10.    At all relevant times JAGUAR CARS, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

11.    At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

12.    Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new 2005 Jaguar in the stream of commerce.

13.     Prior to January 7, 2006, Defendant JAGUAR CARS, LTD. placed the new 2005 Jaguar in the stream of commerce.

14.     Prior to January 7, 2006, Defendant JAGUAR ELMHURST, LTD. placed the new 2005 Jaguar in the stream of commerce.

15.     FORD MOTOR COMPANY failed to adequately warn and/or instruct Plaintiff with regard to the non-deployment situations of airbags in crash/impact occurrences.

16.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU, was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

17.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of the subject 2005 Jaguar and the right front brake of the Jaguar locked.

18.     On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90 degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across the front bumper of the 2005 Jaguar.

19.     On January 7, 2006, all of the 2005 Jaguar's air bags, including the driver's side airbag, failed to deploy when the 2005 Jaguar struck the guard rail at the east side of Interstate 294.

20.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using the 2005 Jaguar for its intended purpose: transportation.

3

21. At the time the 2005 Jaguar left the control of Defendant, FORD MOTOR

COMPANY, it contained a defective condition that made it unreasonably dangerous to

consumers, including Plaintiff, in one or more of the following respects:

    a. The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

    b. The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    c. The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    d. The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    e. The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

    f. The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

22. As a direct and proximate result of the unreasonably dangerous condition

of the 2005 Jaguar when it left the control of Defendant, FORD MOTOR COMPANY, the

4

airbags failed to deploy and perform in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail, leading to Plaintiff's injuries and resultant damages.

23.    That as a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, FORD MOTOR COMPANY, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

24.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

25.    On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, FORD MOTOR COMPANY, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

## COUNT II – NEGLIGENCE (FORD MOTOR COMPANY)

1-20. Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count II as if fully set forth herein.

21.     At the time the 2005 Jaguar left Defendant FORD MOTOR COMPANY'S control, Defendant owed a duty to exercise reasonable care in manufacturing and producing its automobiles, and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

22.     At the time the 2005 Jaguar left the control of Defendant, FORD MOTOR COMPANY, it contained a condition that made it unreasonably dangerous in one or more of the following respects:

a.      The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b.      The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.      The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

d.      The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that

6

they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.     The occupant. sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.     The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

23.     Defendant, FORD MOTOR COMPANY, was negligent and careless in its design, production, or manufacture of the 2005 Jaguar and its component parts, including its airbag system, in an unreasonably dangerous condition as stated herein, and was guilty of other careless and negligent acts or omissions in designing and manufacturing the 2005 Jaguar.

24.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

25.     As a direct and proximate result of Defendant FORD MOTOR COMPANY'S negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

26.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, FORD MOTOR COMPANY, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and

7

affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, FORD MOTOR COMPANY, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

## COUNT III – RES IPSA LOQUITUR (FORD MOTOR COMPANY)

1-20. Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count III as if fully set forth herein.

21. Since Plaintiff's purchase of the 2005 Jaguar until January 7, 2006, the airbags and airbag system of the 2005 Jaguar have never deployed.

22. Since Plaintiff's purchase of the 2005 Jaguar until January 7, 2006, the Jaguar had not been involved in a collision.

23. Defendant, FORD MOTOR COMPANY, had exclusive control of the 2005 Jaguar and its airbag system throughout the design, production, manufacture, fabrication, and distribution of the 2005 Jaguar prior to its sale to the Plaintiff.

24. Defendant, FORD MOTOR COMPANY, had exclusive control of the 2005 Jaguar and its airbag system prior to the transfer or sale of the 2005 Jaguar to Defendant JAGUAR ELMHURST, LTD. for the purpose of its re-sale to Plaintiff.

8

25. That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26. The failure of the 2005 Jaguar's airbag to deploy at the time or immediately after the 2005 Jaguar struck the guard rail does not normally occur without negligence in the control of the 2005 Jaguar and its component parts, including its airbag system.

27. The failure of the 2005 Jaguar's airbag to deploy at the time or immediately after the 2005 Jaguar struck the guard rail and Plaintiff's subsequent injuries would not have occurred if Defendant, FORD MOTOR COMPANY, had used ordinary care while the 2005 Jaguar was under its control.

28. The failure of the 2005 Jaguar's airbag to deploy, and Plaintiff's resultant injuries, was not due to any voluntary act or neglect on the part of Plaintiff.

29. As a direct and proximate result of the Defendant FORD MOTOR COMPANY'S failure to exercise its control over the 2005 Jaguar and its component parts, including its airbag system, the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of

9

money for medical care and services endeavored to become healed and cured of said injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, FORD MOTOR COMPANY, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

### COUNT IV – BREACH OF WARRANTY (FORD MOTOR COMPANY)

1-20. Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count IV as if fully set forth herein.

21. Defendant, FORD MOTOR COMPANY, is a merchant of Jaguar X-Type automobiles, including Plaintiff's 2005 Jaguar, and their component parts.

22. On July 23, 2005, Defendant, FORD MOTOR COMPANY, did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

23. On July 23, 2005, Defendant, FORD MOTOR COMPANY, through JAGUAR ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

24. That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

25. That on and before January 7, 2006, the Defendant, FORD MOTOR COMPANY, did expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable quality and safe for their intended use.

10

26.     Plaintiff relied on the representation and warranty in purchasing and paying for the 2005 Jaguar.

27.     That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it was intended: for transportation.

28.     At the time of sale and delivery, the 2005 Jaguar and component parts were not as warranted to the Plaintiff because:

a.      The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guard rail;

b.      The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

c.      The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

d.      The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

e.      The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

f.      The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail.

29.     As a result of the breach of warranty, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable

11

for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

30.    Plaintiff's injury and damages were caused proximately and due to the fact the goods were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, FORD MOTOR COMPANY, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

### COUNT V – LOSS OF CONSORTIUM (FORD MOTOR COMPANY)

1-80.    Plaintiffs adopt and re-allege paragraphs 1 through 25 of Count I, 1 through 26 of Count II, and 1 through 29 of Count III as paragraphs 1 through 80 of Count V as if fully set forth herein.

81.    That at all times relevant hereto Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, were duly and lawfully married and were living together as husband and wife.

82.    That as a direct and proximate result of the above and foregoing, the Plaintiffs have suffered and will in the future suffer, loss of consortium, companionship, services, affection and society.

WHEREFORE, Plaintiff, MADALINA ANDREESCU, demands judgment against the Defendant, FORD MOTOR COMPANY, in an amount in excess of the jurisdictional limit of $50,000.00.

### COUNT VI – STRICT PRODUCT LIABILITY (JAGUAR CARS, LTD.)

1.     Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling automobiles and their component parts.

2.     Defendant, JAGUAR CARS, LTD., a subsidiary of FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling automobiles and their component parts.

3.     Defendant, JAGUAR ELMHURST, LTD., is an Illinois Corporation doing business in Illinois, which at all relevant times was and is engaged in the business of retailing, selling, distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY and/or JAGUAR CARS, LTD, to consumers.

4.     At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard, Illinois.

5.     Plaintiff purchased a new 2005 Jaguar X-Type automobile, VIN # SAJW352D45XE21837 ("2005 Jaguar"), manufactured by JAGUAR CARS, LTD., from JAGUAR ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

6.     At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

13

7.    At all relevant times, JAGUAR CARS, LTD., was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

8.    At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

9.    At all relevant times FORD MOTOR COMPANY was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

10.    At all relevant times JAGUAR CARS, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

11.    At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

12.    Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new 2005 Jaguar in the stream of commerce.

13.    Prior to January 7, 2006, Defendant JAGUAR CARS, LTD. placed the new 2005 Jaguar in the stream of commerce.

14.    Prior to January 7, 2006, Defendant JAGUAR ELMHURST, LTD. placed the new 2005 Jaguar in the stream of commerce.

15.    JAGUAR CARS, LTD. failed to adequately warn and/or instruct Plaintiff with regard to the non-deployment situations of airbags in crash/impact occurrences.

16.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU, was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

14

17.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of the subject 2005 Jaguar and the right front brake of the Jaguar locked.

18.     On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90 degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across the front bumper of the 2005 Jaguar.

19.     On January 7, 2006, all of the 2005 Jaguar's air bags, including the driver's side airbag, failed to deploy when the 2005 Jaguar struck the guard rail at the east side of Interstate 294.

20.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using the 2005 Jaguar for its intended purpose: transportation.

21.     At the time the 2005 Jaguar left the control of Defendant, JAGUAR CARS, LTD., it contained a defective condition that made it unreasonably dangerous to consumers, including Plaintiff, in one or more of the following respects:

a.      The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b.      The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.      The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

15

d.     The airbag module and module cover were improperly designed,
       manufactured, fabricated, installed, distributed, and sold such that
       they failed to operate in the manner reasonably expected in light of
       their nature and intended function when the 2005 Jaguar struck
       the guard rail;

e.     The occupant sensing devices were improperly designed,
       manufactured, fabricated, installed, distributed, and sold such that
       they failed to operate in the manner reasonably expected in light of
       their nature and intended function when the 2005 Jaguar struck
       the guard rail; and,

f.     The 2005 Jaguar was otherwise improperly designed,
       manufactured, fabricated, installed, distributed, and sold such that
       it failed to operate in the manner reasonably expected in light of its
       nature and intended function when it struck the guard rail.

22.    As a direct and proximate result of the unreasonably dangerous condition

of the 2005 Jaguar when it left the control of Defendant, JAGUAR CARS, LTD., the

airbags failed to deploy and perform in the manner reasonably expected in light of their

nature and intended function when the 2005 Jaguar struck the guard rail, leading to

Plaintiff's injuries and resultant damages.

23.    That as a direct and proximate result of the unreasonably dangerous

condition of the 2005 Jaguar when it left the control of Defendant, JAGUAR CARS, LTD.,

the Plaintiff sustained severe and permanent injuries, and was and will be in the future

hindered and prevented in whole or in part from attending to his usual duties and

affairs of life, has lost, and will lose, the value of that time as aforementioned. Further,

Plaintiff suffered great pain and anguish, both in mind and body, and will in the future

continue to suffer; Plaintiff further expended and became liable for and will in the future

expend and become liable for large sums of money for medical care and services

endeavored to become healed and cured of said injuries.

16

24.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

25.     On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR CARS, LTD., a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

## COUNT VII – NEGLIGENCE (JAGUAR CARS, LTD.)

1-20.   Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count VI as paragraphs 1 through 20 of Count VII as if fully set forth herein.

21.     At the time the 2005 Jaguar left Defendant JAGAUR CARS, LTD.'S control, Defendant owed a duty to exercise reasonable care in manufacturing and producing its automobiles, and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

22.     At the time the 2005 Jaguar left the control of Defendant, JAGUAR CARS, LTD., it contained a condition that made it unreasonably dangerous in one or more of the following respects:

a.      The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to

17

deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b. The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c. The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

d. The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e. The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f. The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

23. Defendant, JAGUAR CARS, LTD., was negligent and careless in its design,

production, or manufacture of the 2005 Jaguar and its component parts, including its

airbag system, in an unreasonably dangerous condition as stated herein, and was guilty

of other careless and negligent acts or omissions in designing and manufacturing the

2005 Jaguar.

18

24.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

25.    As a direct and proximate result of Defendant JAGUAR CARS, LTD.'S negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

26.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, JAGUAR CARS, LTD., the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR CARS, LTD., a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

## COUNT VIII – RES IPSA LOQUITUR (JAGUAR CARS, LTD.)

1-20. Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count VI as paragraphs 1 through 20 of Count VIII as if fully set forth herein.

21. Since Plaintiff's purchase of the 2005 Jaguar until January 7, 2006, the airbags and airbag system of the 2005 Jaguar have never deployed.

22. Since Plaintiff's purchase of the 2005 Jaguar until January 7, 2006, the Jaguar had not been involved in a collision.

23. Defendant, JAGUAR CARS, LTD., had exclusive control of the 2005 Jaguar and its airbag system throughout the design, production, manufacture, fabrication, and distribution of the 2005 Jaguar prior to its sale to the Plaintiff.

24. Defendant, JAGUAR CARS, LTD., had exclusive control of the 2005 Jaguar and its airbag system prior to the transfer or sale of the 2005 Jaguar to Defendant JAGUAR ELMHURST, LTD. for the purpose of its re-sale to Plaintiff.

25. That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26. The failure of the 2005 Jaguar's airbag to deploy at the time or immediately after the 2005 Jaguar struck the guard rail does not normally occur without negligence in the control of the 2005 Jaguar and its component parts, including its airbag system.

27. The failure of the 2005 Jaguar's airbag to deploy at the time or immediately after the 2005 Jaguar struck the guard rail and Plaintiff's subsequent

injuries would not have occurred if Defendant, JAGUAR CARS, LTD., had used ordinary care while the 2005 Jaguar was under its control.

28.     The failure of the 2005 Jaguar's airbag to deploy and Plaintiff's resultant injuries was not due to any voluntary act or neglect on the part of Plaintiff.

29.     As a direct and proximate result of the Defendant JAGUAR CARS, LTD.'S failure to exercise its control over the 2005 Jaguar and its component parts, including its airbag system, the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR CARS, LTD., a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

## COUNT IX – BREACH OF WARRANTY (JAGUAR CARS, LTD.)

1-20. Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count VI as paragraphs 1 through 20 of Count IX as if fully set forth herein.

21.    Defendant, JAGUAR CARS, LTD., is a merchant of Jaguar X-Type automobiles, including Plaintiff's 2005 Jaguar, and their component parts.

22.    On July 23, 2005, Defendant, JAGUAR CARS, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

23.    On July 23, 2005, Defendant, JAGUAR CARS, LTD., through JAGUAR ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

24.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

25.    That on and before January 7, 2006, the Defendant, JAGUAR CARS, LTD., did expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable quality and safe for their intended use.

26.    Plaintiff relied on the representation and warranty in purchasing and paying for the 2005 Jaguar.

27.    That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it was intended: for transportation.

28.    At the time of sale and delivery, the 2005 Jaguar and component parts were not as warranted to the Plaintiff because:

    a.    The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guard rail;

22

b.   The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

c.   The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

d.   The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

e.   The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

f.   The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail.

29.   As a result of the breach of warranty, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned.  Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

30.   Plaintiff's injury and damages were caused proximately and due to the fact the goods were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR CARS, LTD., a foreign corporation, for a sum in excess of

$50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

### COUNT X – LOSS OF CONSORTIUM (JAGUAR CARS, LTD.)

1-80. Plaintiffs adopt and re-allege paragraphs 1 through 25 of Count VI, 1 through 26 of Count VII, and 1 through 29 of Count VIII as paragraphs 1 through 80 of Count X as if fully set forth herein.

81. That at all times relevant hereto Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, were duly and lawfully married and were living together as husband and wife.

82. That as a direct and proximate result of the above and foregoing, the Plaintiffs have suffered and will in the future suffer, loss of consortium, companionship, services, affection and society.

WHEREFORE, Plaintiff, MADALINA ANDREESCU, demands judgment against the Defendant, JAGUAR CARS, LTD., in an amount in excess of the jurisdictional limit of $50,000.00.

### COUNT XI – STRICT PRODUCT LIABILITY (JAGUAR ELMHURST, LTD.)

1. Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling, Jaguar automobiles and their component parts.

2. Defendant, JAGUAR CARS, LTD., a subsidiary of FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and

is engaged in the business of designing, manufacturing, and selling, automobiles and their component parts.

3.    Defendant, JAGUAR ELMHURST, LTD., is an Illinois Corporation doing business in Illinois, which at all relevant times was and is engaged in the business of retailing, selling, distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY and/or JAGUAR CARS, LTD, to consumers.

4.    At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard, Illinois.

5.    Plaintiff purchased a new 2005 Jaguar X-Type automobile, VIN # SAJW352D45XE21837 ("2005 Jaguar") from JAGUAR ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

6.    At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

7.    At all relevant times, JAGUAR CARS, LTD., was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

8.    At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

9.    At all relevant times FORD MOTOR COMPANY was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

10.    At all relevant times JAGUAR CARS, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

25

11.   At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

12.   Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new 2005 Jaguar in the stream of commerce.

13.   Prior to January 7, 2006, Defendant JAGUAR CARS, LTD. placed the new 2005 Jaguar in the stream of commerce.

14.   Prior to January 7, 2006, Defendant JAGUAR ELMHURST, LTD. placed the new 2005 Jaguar in the stream of commerce.

15.   JAGUAR ELMHURST, LTD. failed to adequately warn and/or instruct Plaintiff with regard to the non-deployment situations of airbags in crash/impact occurrences.

16.   On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU, was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

17.   On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of the subject 2005 Jaguar and the right front brake of the Jaguar locked.

18.   On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90 degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across the front bumper of the 2005 Jaguar.

19.    On January 7, 2006, all of the 2005 Jaguar's air bags, including the

driver's side airbag, failed to deploy when the 2005 Jaguar struck the guard rail at the

east side of Interstate 294.

20.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using

the 2005 Jaguar for its intended purpose: transportation.

21.    At the time the 2005 Jaguar left the control of Defendant, JAGUAR

ELMHURST, LTD., it contained a defective condition that made it unreasonably

dangerous to consumers, including Plaintiff, in one or more of the following respects:

a.    The airbag system was improperly designed, manufactured,
fabricated, installed, distributed, and sold such that it would fail to
deploy and operate in the manner reasonably expected in light of
its nature and intended function when the 2005 Jaguar struck the
guard rail;

b.    The airbag and airbag sensors were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail;

c.    The airbag igniter and inflator unit were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail;

d.    The airbag module and module cover were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail;

e.    The occupant sensing devices were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of

27

their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.    The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

22.    As a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, JAGUAR ELMHURST, LTD., the airbags failed to deploy and perform in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail, leading to Plaintiff's injuries and resultant damages.

23.    That as a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, JAGUAR ELMHURST, LTD., the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

24.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

28

25.    On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR ELMHURST, LTD., for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

## COUNT XII – NEGLIGENCE (JAGUAR ELMHURST, LTD.)

1-20.    Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count XI as paragraphs 1 through 20 of Count XII as if fully set forth herein.

21.    At the time the 2005 Jaguar left Defendant JAGUAR ELMHURST, LTD.'S control, Defendant owed a duty to exercise reasonable care in selling, distributing, marketing, repairing, and maintaining its automobiles, and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

22.    In violation of its duty, Defendant, JAGUAR ELMHURST, LTD., was guilty of one or more of the following negligent, reckless, or careless acts or omissions, which caused the airbags of the 2005 Jaguar to fail at the time or immediately after the 2005 Jaguar struck the guard rail:

a.    Failed to properly inspect the 2005 Jaguar and its component parts, including the airbag system, prior to selling it to the Plaintiff;

29

b.     Failed to properly maintain the 2005 Jaguar and its component parts, including the airbag system, prior to selling it to the Plaintiff;

c.     Failed to properly diagnose the 2005 Jaguar and its component parts, including the airbag system, prior to selling it to the Plaintiff;

d.     Was otherwise negligent, careless or reckless.

23.     Defendant, JAGUAR ELMHURST, LTD., was negligent and careless in its selling, distributing, marketing, repairing, and maintaining of the 2005 Jaguar and its component parts, including its airbag system, as stated herein.

24.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

25.     As a direct and proximate result of Defendant JAGUAR ELMHURST, LTD.'S negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

26.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, JAGUAR ELMHURST, LTD., the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR ELMHURST, LTD., for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

## COUNT XIII – RES IPSA LOQUITUR (JAGUAR ELMHURST, LTD.)

1-20.  Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count XI as paragraphs 1 through 20 of Count XIII as if fully set forth herein.

21.  Since Plaintiff's purchase of the 2005 Jaguar until January 7, 2006, the airbags and airbag system of the 2005 Jaguar have never deployed.

22.  Since Plaintiff's purchase of the 2005 Jaguar until January 7, 2006, the Jaguar had not been involved in a collision.

23.  Defendant, JAGUAR ELMHURST, LTD., had exclusive control of the 2005 Jaguar and its airbag system prior to its sale to the Plaintiff.

24.  The failure of the 2005 Jaguar's airbag to deploy at the time or immediately after the 2005 Jaguar struck the guard rail does not normally occur without negligence in the control of the 2005 Jaguar and its component parts, including its airbag system.

25.  That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26.  The failure of the 2005 Jaguar's airbag to deploy at the time or immediately after the 2005 Jaguar struck the guard rail and Plaintiff's subsequent

31

injuries would not have occurred if Defendant, JAGUAR ELMHURST, LTD., had used ordinary care while the 2005 Jaguar was under its control.

27.     The failure of the 2005 Jaguar's airbag to deploy and Plaintiff's resultant injuries was not due to any voluntary act or neglect on the part of Plaintiff.

28.     As a direct and proximate result of the Defendant JAGUAR ELMHURST, LTD.'S failure to exercise its control over the 2005 Jaguar and its component parts, including its airbag system, the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned.  Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR ELMHURST, LTD., for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

## COUNT XIV – BREACH OF WARRANTY (JAGUAR ELMHURST, LTD.)

1-20. Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count XI as paragraphs 1 through 20 of Count XIV as if fully set forth herein.

21.     Defendant, JAGUAR ELMHURST, LTD., is a merchant of Jaguar X-Type automobiles, including Plaintiff's 2005 Jaguar, and their component parts.

22.     On July 23, 2005, Defendant, JAGUAR ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

23.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

24.     That on and before January 7, 2006, the Defendant, JAGUAR ELMHURST, LTD., did expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable quality and safe for their intended use.

25.     Plaintiff relied on the representation and warranty in purchasing and paying for the 2005 Jaguar.

26.     That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it was intended: for transportation.

27.     At the time of sale and delivery, the 2005 Jaguar and component parts were not as warranted to the Plaintiff because:

   a.     The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guard rail;

   b.     The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

   c.     The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

33

d.   The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

e.   The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

f.   The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail.

28.   As a result of the breach of warranty, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

29.   Plaintiff's injury and damages were caused proximately and due to the fact the goods were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR ELMHURST, LTD., for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

34

## **AFFIDAVIT**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the total money damages sought in this case exceed $50,000.

Neil D. O'Connor

DATE

# EXHIBIT B

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU, and )
MADALINA D. ANDREESCU, )
                        )
           Plaintiffs, )
                        )
    v. )      Case No.:    2008 L 000091
                        )
FORD MOTOR COMPANY, )      Calendar:    C
JAGUAR CARS, LTD., a subsidiary of )
FORD MOTOR COMPANY, and )
JAGUAR ELMHURST, LTD., )
                        )
         Defendants. )

## **ORDER**

This cause coming to be heard upon Plaintiffs' motion to voluntarily dismiss the Defendant JAGUAR ELMHURST, LTD., due notice having been given, and the Court being advised in the premises:

IT IS HEREBY ORDERED that Plaintiffs motion is granted.  Defendant JAGUAR ELMHURST, LTD. is voluntarily dismissed without prejudice and without costs to either party.  Plaintiffs' claims against the remaining Defendants FORD MOTOR COMPANY and JAGUAR CARS shall continue.

                                           Ronald S. Davis

                                     FEB 2 2 2008

Atty. No.:    37410

Name:    O'Connor & Karnes         ENTER:    Circuit Court - 553

Atty. for:    Plaintiffs

Address:    20 S. Clark, Ste. 2000

City/State:    Chicago, IL 60603            Judge           Judge's No.

Telephone:    (312) 629-8900

**EXHIBIT**

**B**

DOROTHY BROWN, CLERK OF           OF COOK COUNTY, ILLINOIS

080131.32

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU and
MADALINA D. ANDREESCU,

        Plaintiffs,

    v.

FORD MOTOR COMPANY and
JAGUAR CARS, LTD., a subsidiary of
FORD MOTOR COMPANY,

        Defendants.

No.  08 L 91
Judge Ronald S. Davis
Motion Call: C

### NOTICE OF FILING

To:    Evan B. Karnes, O'Connor & Karnes, 20 S. Clark Street, Suite 2000, Chicago, IL 60603

PLEASE TAKE NOTICE that on March 21, 2008, we filed with the Clerk of the United

States District Court, Northern District of Illinois, Eastern Division, Ford Motor Company and

Jaguar Cars Limited's Notice of Removal, a copy of which is attached hereto.

*Donohue Brown Mathewson & Smyth LLC*
DONOHUE BROWN MATHEWSON & SMYTH LLC

DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

### PROOF OF SERVICE

    I, a non-attorney, on oath hereby certifies under penalties of perjury as provided by law pursuant to Ill.
Rev. Stat., ch. 110, par. 1-109 [735 ILCS 5/1-109], that the above notice and any attached pleading(s) were ( )
personally delivered or (X) placed in the U.S. Mail at 140 South Dearborn Street, Chicago, Illinois, with first
class postage prepaid and directed to the parties at the addresses set forth above at or before 5:00 p.m. on
March 21, 2008.



**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MIKE ANDREESCU, and           )
MADALINA D. ANDREESCU,        )
                              )
          Plaintiffs,         )
                              )
v.                            )      Case No.:    2008 L 000091
                              )
FORD MOTOR COMPANY,  and      )
JAGUAR CARS LIMITED, a subsidiary of  )
FORD MOTOR COMPANY,           )      Calendar:    C
                              )
          Defendants.         )

### FIRST AMENDED COMPLAINT AT LAW

NOW COME Plaintiffs, MIKE ANDREESCU and MADALINA D. ANDREESCU, by

their attorneys, O'CONNOR & KARNES, and complain of the Defendants, FORD MOTOR

COMPANY, and JAGUAR CARS LIMITED, as follows:

### COUNT I – STRICT PRODUCT LIABILITY (FORD MOTOR COMPANY)

1.      Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing

business in Illinois, which at all relevant times was and is engaged in the business of

designing, manufacturing, and selling, Jaguar automobiles and their component parts.

2.      Defendant, JAGUAR CARS LIMITED, a subsidiary of FORD MOTOR

COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant

times was and is engaged in the business of designing, manufacturing, and selling,

automobiles and their component parts.

3.      JAGUAR ELMHURST, LTD., is an Illinois Corporation doing business in

Illinois, which at all relevant times was and is engaged in the business of retailing,



selling, distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY and/or JAGUAR CARS LIMITED, to consumers.

4.     At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard, Illinois.

5.     Plaintiff purchased a new 2005 Jaguar X-Type automobile, VIN # SAJW352D45XE21837 ("2005 Jaguar"), manufactured by FORD MOTOR COMPANY, from JAGUAR ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

6.     At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

7.     At all relevant times, JAGUAR CARS LIMITED, was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

8.     At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

9.     At all relevant times FORD MOTOR COMPANY was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

10.     At all relevant times JAGUAR CARS LIMITED, was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

11.     At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

12.     Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new 2005 Jaguar in the stream of commerce.

13.     Prior to January 7, 2006, Defendant JAGUAR CARS LIMITED placed the new 2005 Jaguar in the stream of commerce.

14.     Prior to January 7, 2006, JAGUAR ELMHURST, LTD., placed the new 2005 Jaguar in the stream of commerce as agent of FORD MOTOR COMPANY.

15.     FORD MOTOR COMPANY failed to adequately warn and/or instruct Plaintiff with regard to the non-deployment situations of airbags in crash/impact occurrences.

16.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU, was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

17.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of the subject 2005 Jaguar and the right front brake of the Jaguar locked.

18.     On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90 degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across the front bumper of the 2005 Jaguar.

19.     On January 7, 2006, after striking the guard rail, the vehicle came into contact with other stationery objects on the sides and roof of the vehicle.

20.     On January 7, 2006, all of the 2005 Jaguar's air bags, including the driver's side airbag, failed to deploy when the 2005 Jaguar struck the guard rail and ground at the east side of Interstate 294.

21.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using the 2005 Jaguar for its intended purpose: transportation.

3

22.    At the time the 2005 Jaguar left the control of Defendant, FORD MOTOR COMPANY, it contained a defective condition that made it unreasonably dangerous to consumers, including Plaintiff, in one or more of the following respects:

a.    The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b.    The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.    The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

d.    The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.    The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.    The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

23.    As a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, FORD MOTOR COMPANY, the

airbags failed to deploy and perform in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail, leading to Plaintiff's injuries and resultant damages.

24.     That as a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, FORD MOTOR COMPANY, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

25.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26.     On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, FORD MOTOR COMPANY, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

5

## COUNT II – NEGLIGENCE (FORD MOTOR COMPANY)

1-21.  Plaintiffs adopt and re-allege paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of Count II as if fully set forth herein.

22.  At the time the 2005 Jaguar left Defendant FORD MOTOR COMPANY'S control, Defendant owed a duty to exercise reasonable care in manufacturing and producing its automobiles, and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

23.  At the time the 2005 Jaguar left the control of Defendant, FORD MOTOR COMPANY, it contained a condition that made it unreasonably dangerous in one or more of the following respects:

a.  The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b.  The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.  The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

d.  The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that

6

they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.   The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.   The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

24.   Defendant, FORD MOTOR COMPANY, was negligent and careless in its design, production, or manufacture of the 2005 Jaguar and its component parts, including its airbag system, in an unreasonably dangerous condition as stated herein, and was guilty of other careless and negligent acts or omissions in designing and manufacturing the 2005 Jaguar.

25.   That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26.   As a direct and proximate result of Defendant FORD MOTOR COMPANY'S negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

27.   As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, FORD MOTOR COMPANY, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and

7

affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, FORD MOTOR COMPANY, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

### COUNT III – BREACH OF WARRANTY (FORD MOTOR COMPANY)

1-21. Plaintiffs adopt and re-allege paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of Count III as if fully set forth herein.

22. Defendant, FORD MOTOR COMPANY, is a merchant of Jaguar X-Type automobiles, including Plaintiff's 2005 Jaguar, and their component parts.

23. On July 23, 2005, Defendant, FORD MOTOR COMPANY, did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

24. On July 23, 2005, Defendant, FORD MOTOR COMPANY, through JAGUAR ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

25. That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26.     That on and before January 7, 2006, the Defendant, FORD MOTOR COMPANY, did expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable quality and safe for their intended use.

27.     Plaintiff relied on the representation and warranty in purchasing and paying for the 2005 Jaguar.

28.     That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it was intended: for transportation.

29.     At the time of sale and delivery, the 2005 Jaguar and component parts were not as warranted to the Plaintiff because:

   a.   The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guard rail;

   b.   The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

   c.   The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

   d.   The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

   e.   The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

   f.   The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail.

30.     As a result of the breach of warranty, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and

9

anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

31.    Plaintiff's injury and damages were caused proximately and due to the fact the goods were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, FORD MOTOR COMPANY, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

### COUNT IV – LOSS OF CONSORTIUM (FORD MOTOR COMPANY)

1-53.  Plaintiffs adopt and re-allege paragraphs 1 through 26 of Count I, and 1 through 27 of Count II, as paragraphs 1 through 53 of Count IV as if fully set forth herein.

54.    That at all times relevant hereto Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, were duly and lawfully married and were living together as husband and wife.

55.    That as a direct and proximate result of the above and foregoing, the Plaintiff MADALINA ANDREESCU has suffered and will in the future suffer, loss of consortium, companionship, services, affection and society.

10

WHEREFORE, Plaintiff, MADALINA ANDREESCU, demands judgment against the Defendant, FORD MOTOR COMPANY, in an amount in excess of the jurisdictional limit of $50,000.00.

### COUNT V – STRICT PRODUCT LIABILITY (JAGUAR CARS LIMITED)

1.      Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling automobiles and their component parts.

2.      Defendant, JAGUAR CARS LIMITED, a subsidiary of FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling automobiles and their component parts.

3.      JAGUAR ELMHURST, LTD., is an Illinois Corporation doing business in Illinois, which at all relevant times was and is engaged in the business of retailing, selling, distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY and/or JAGUAR CARS, LTD, to consumers.

4.      At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard, Illinois.

5.      Plaintiff purchased a new 2005 Jaguar X-Type automobile, VIN # SAJW352D45XE21837 ("2005 Jaguar"), manufactured by JAGUAR CARS LIMITED, from JAGUAR ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

6.      At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

11

7.    At all relevant times, JAGUAR CARS LIMITED, was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

8.    At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

9.    At all relevant times FORD MOTOR COMPANY was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

10.    At all relevant times JAGUAR CARS LIMITED, was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

11.    At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

12.    Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new 2005 Jaguar in the stream of commerce.

13.    Prior to January 7, 2006, Defendant JAGUAR CARS LIMITED, placed the new 2005 Jaguar in the stream of commerce.

14.    Prior to January 7, 2006, JAGUAR ELMHURST, LTD. placed the new 2005 Jaguar in the stream of commerce as agent of JAGUAR CARS LIMITED.

15.    JAGUAR CARS LIMITED, failed to adequately warn and/or instruct Plaintiff with regard to the non-deployment situations of airbags in crash/impact occurrences.

16.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU, was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

12

17.   On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of the subject 2005 Jaguar and the right front brake of the Jaguar locked.

18.   On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90 degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across the front bumper of the 2005 Jaguar.

19.   On January 7, 2006, after striking the guard rail, the vehicle came into contact with other stationery objects on the sides and roof of the vehicle.

20.   On January 7, 2006, all of the 2005 Jaguar's air bags, including the driver's side airbag, failed to deploy when the 2005 Jaguar struck the guard rail and ground at the east side of Interstate 294.

21.   On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using the 2005 Jaguar for its intended purpose: transportation.

22.   At the time the 2005 Jaguar left the control of Defendant, JAGUAR CARS LIMITED, it contained a defective condition that made it unreasonably dangerous to consumers, including Plaintiff, in one or more of the following respects:

a.   The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b.   The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.   The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that

13

they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail;

d.    The airbag module and module cover were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail;

e.    The occupant sensing devices were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail; and,

f.    The 2005 Jaguar was otherwise improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
it failed to operate in the manner reasonably expected in light of its
nature and intended function when it struck the guard rail.

23.    As a direct and proximate result of the unreasonably dangerous condition

of the 2005 Jaguar when it left the control of Defendant, JAGUAR CARS LIMITED, the

airbags failed to deploy and perform in the manner reasonably expected in light of their

nature and intended function when the 2005 Jaguar struck the guard rail, leading to

Plaintiff's injuries and resultant damages.

24.    That as a direct and proximate result of the unreasonably dangerous

condition of the 2005 Jaguar when it left the control of Defendant, JAGUAR CARS

LIMITED, the Plaintiff sustained severe and permanent injuries, and was and will be in

the future hindered and prevented in whole or in part from attending to his usual duties

and affairs of life, has lost, and will lose, the value of that time as aforementioned.

Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the

future continue to suffer; Plaintiff further expended and became liable for and will in the

future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

25.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26.    On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR CARS LIMITED, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

### COUNT VI – NEGLIGENCE (JAGUAR CARS LIMITED)

1-21. Plaintiffs adopt and re-allege paragraphs 1 through 21 of Count V as paragraphs 1 through 21 of Count VI as if fully set forth herein.

22.    At the time the 2005 Jaguar left Defendant's, JAGAUR CARS LIMITED, control, Defendant owed a duty to exercise reasonable care in manufacturing and producing its automobiles, and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

23.    At the time the 2005 Jaguar left the control of Defendant, JAGUAR CARS

LIMITED, it contained a condition that made it unreasonably dangerous in one or more

of the following respects:

a.    The airbag system was improperly designed, manufactured,
fabricated, installed, distributed, and sold such that it would fail to
deploy and operate in the manner reasonably expected in light of
its nature and intended function when the 2005 Jaguar struck the
guard rail;

b.    The airbag and airbag sensors were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail;

c.    The airbag igniter and inflator unit were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail;

d.    The airbag module and module cover were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail;

e.    The occupant sensing devices were improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
they failed to operate in the manner reasonably expected in light of
their nature and intended function when the 2005 Jaguar struck
the guard rail; and,

f.    The 2005 Jaguar was otherwise improperly designed,
manufactured, fabricated, installed, distributed, and sold such that
it failed to operate in the manner reasonably expected in light of its
nature and intended function when it struck the guard rail.

24.    Defendant, JAGUAR CARS LIMITED, was negligent and careless in its

design, production, or manufacture of the 2005 Jaguar and its component parts,

16

including its airbag system, in an unreasonably dangerous condition as stated herein, and was guilty of other careless and negligent acts or omissions in designing and manufacturing the 2005 Jaguar.

25.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26.    As a direct and proximate result of Defendant JAGUAR CARS LIMITED'S, negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

27.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, JAGUAR CARS LIMITED, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned.  Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR CARS LIMITED, a foreign corporation, for a sum in excess of $50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

17

## COUNT VII – BREACH OF WARRANTY (JAGUAR CARS LIMITED)

1-21.  Plaintiffs adopt and re-allege paragraphs 1 through 21 of Count V as paragraphs 1 through 21 of Count VII as if fully set forth herein.

22.  Defendant, JAGUAR CARS LIMITED, is a merchant of Jaguar X-Type automobiles, including Plaintiff's 2005 Jaguar, and their component parts.

23.  On July 23, 2005, Defendant, JAGUAR CARS LIMITED, did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

24.  On July 23, 2005, Defendant, JAGUAR CARS LIMITED, through JAGUAR ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

25.  That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

26.  That on and before January 7, 2006, the Defendant, JAGUAR CARS LIMITED, did expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable quality and safe for their intended use.

27.  Plaintiff relied on the representation and warranty in purchasing and paying for the 2005 Jaguar.

28.  That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it was intended: for transportation.

29.  At the time of sale and delivery, the 2005 Jaguar and component parts were not as warranted to the Plaintiff because:

    a.  The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guard rail;

b.    The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

c.    The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

d.    The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

e.    The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

f.    The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail.

30.    As a result of the breach of warranty, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned.  Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

31.    Plaintiff's injury and damages were caused proximately and due to the fact the goods were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

WHEREFORE, Plaintiff, MIKE ANDREESCU, prays for a judgment against Defendant, JAGUAR CARS LIMITED, a foreign corporation, for a sum in excess of

$50,000.00 that will adequately and fairly compensate Plaintiff for the damages sustained and the costs of this action.

### COUNT VIII – LOSS OF CONSORTIUM (JAGUAR CARS LIMITED)

1-53.   Plaintiffs adopt and re-allege paragraphs 1 through 26 of Count V, and 1 through 27 of Count VI, as paragraphs 1 through 53 of Count VIII as if fully set forth herein.

54.   That at all times relevant hereto Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, were duly and lawfully married and were living together as husband and wife.

55.   That as a direct and proximate result of the above and foregoing, the Plaintiff MADALINA ANDREESCU has suffered and will in the future suffer, loss of consortium, companionship, services, affection and society.

WHEREFORE, Plaintiff, MADALINA ANDREESCU, demands judgment against the Defendant, JAGUAR CARS LIMITED, in an amount in excess of the jurisdictional limit of $50,000.00.

Respectfully submitted,

One of the Attorneys for Plaintiffs
MIKE ANDREESCU, and
MADALINA D. ANDREESCU

Neil D. O'Connor
Evan B. Karnes II
O'Connor & Karnes
20 South Clark Street, Suite 2000
Chicago, IL 60603
(312) 629-8900

## **AFFIDAVIT**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the total money damages sought in this case exceed $50,000.

Neil D. O'Connor

DATE 3/6/08

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU, and           )
MADALINA D. ANDREESCU,        )
                              )
        Plaintiffs,           )
                              )
v.                            )        Case No.:    2008 L 000091
                              )
FORD MOTOR COMPANY,           )        Calendar:    C
JAGUAR CARS, LTD., a subsidiary of )
FORD MOTOR COMPANY,           )
        Defendants.           )

### NOTICE OF FILING

TO:    John A. Krivicich, Esq.
      Edward E. Fu
      Donohue Brown Mathewson & Smyth LLC
      140 South Dearborn Street, Suite 800
      Chicago, Illinois 60603

    PLEASE TAKE NOTICE that on the 6th day of March, 2008 we filed with the Clerk of the Circuit Court, Richard J. Daley Center, *Plaintiffs' Answer to Affirmative Defenses of Defendant Ford Motor Company*, a copy of which is attached hereto.

              Respectfully submitted,

              _____
              One of the Attorneys for Plaintiffs
              MIKE ANDREESCU and
              MADALINA ANDREESCU

Firm ID# 37410
O'Connor & Karnes
20 South Clark St Suite 2000
Chicago, Illinois 60603
(312) 629-8900

### CERTIFICATE OF SERVICE

    The undersigned served the above and foregoing document upon all persons entitled to notice in this cause by placing copies thereof in envelopes properly addressed to each and all of the following of the above-mentioned attorneys at their above stated addresses, and depositing the same in the United States Postal Service mailbox at 20 South Clark Street, Chicago, IL, 60603, on Thursday, March 06, 2008, at or before 5:00 p.m. with proper, prepaid, first-class postage affixed thereon. Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

MIKE ANDREESCU, and )
MADALINA D. ANDREESCU, )
             )
           Plaintiffs, )
              )
v. )    Case No.:    2008 L 000091
              )
FORD MOTOR COMPANY,  and )
JAGUAR CARS, a subsidiary of )
FORD MOTOR COMPANY, )    Calendar:    C
              )
           Defendants. )

### ANSWER TO AFFIRMATIVE DEFENSES OF DEFENDANT
### FORD MOTOR COMPANY

NOW COME Plaintiffs, MIKE ANDREESCU and MADALINA D. ANDREESCU, by their attorneys, O'CONNOR & KARNES, and for their answer to Defendant FORD MOTOR COMPANYS' Affirmative Defenses, state:

### FIRST AFFIRMATIVE DEFENSE

1.     On information and belief the plaintiff driver of the subject vehicle failed to exercise due care for his own safety due to one or more of the following negligent acts and/or omissions that resulted in the alleged damages:

a.     failed to control the vehicle in a safe and appropriate manner;

b.     failed to keep a proper lookout;

c.     failed to properly secure himself within the vehicle;

d.     failed to properly steer and brake the vehicle;

e.     failed to properly maintain the condition of the tires on the vehicle;

f.      operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.      committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's First Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

2.      Plaintiffs' damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's First Affirmative Defense and demand proof thereof.

## SECOND AFFIRMATIVE DEFENSE

1.      On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.      failed to control the vehicle in a safe and appropriate manner;

b.      failed to keep a proper lookout;

c.      failed to properly secure himself within the vehicle;

d.      failed to properly steer and brake the vehicle;

e.      failed to properly maintain the condition of the tires on the vehicle;

f.      operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

2

g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's Second Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

2.    Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's Second Affirmative Defense and demand proof thereof.

### THIRD AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.    failed to control the vehicle in a safe and appropriate manner;

b.    failed to keep a proper lookout;

c.    failed to properly secure himself within the vehicle;

d.    failed to properly steer and brake the vehicle;

e.    failed to properly maintain the condition of the tires on the vehicle;

f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

3

g.      committed other negligent acts and/or omissions as may be disclosed during the, course of discovery.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's Third Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

2.      Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's Third Affirmative Defense and demand proof thereof.

## FOURTH AFFIRMATIVE DEFENSE

The fault, if any, attributable to Ford Motor Company is less than twenty-five percent of the total fault attributable to each respective plaintiff, each defendant sued by plaintiff, Ford Motor Company, and any counter-defendant sued by Ford Motor Company, if any. Pursuant to §2-1117 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Ford Motor Company is severably liable for all damages claimed by plaintiffs, other than their past and future medical and medically related expenses.

**ANSWER:**  Plaintiffs admit the existence of 735 ILCS 5/2-1117 but deny its applicability herein and deny the remaining allegations contained in Defendant's Fourth Affirmative Defense and demand proof thereof.

4

WHEREFORE, Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, deny the Defendant is entitled to any relief under its affirmative defenses and respectfully requests this Court to dismiss Defendant's affirmative defenses with prejudice and with costs upon Defendant, and for such other relief as may be appropriate under the circumstances.

Respectfully submitted,

One of the Attorneys for Plaintiffs
MIKE ANDREESCU, and
MADALINA D. ANDREESCU

Neil D. O'Connor
Evan B. Karnes II
O'Connor & Karnes
20 South Clark Street, Suite 2000
Chicago, IL 60603
(312) 629-8900

5

*Pleading*
*080131*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU, and )
MADALINA D. ANDREESCU, )
)
      Plaintiffs, )
)
v. )   Case No.:   2008 L 000091
)
FORD MOTOR COMPANY, )   Calendar:   C
JAGUAR CARS, LTD., a subsidiary of )
FORD MOTOR COMPANY, )
           Defendants. )

### NOTICE OF FILING

TO:   John A. Krivicich, Esq.
      Edward E. Fu
      Donohue Brown Mathewson & Smyth LLC
      140 South Dearborn Street, Suite 800
      Chicago, Illinois 60603

    PLEASE TAKE NOTICE that on the 6th day of March, 2008 we filed with the Clerk of the Circuit Court, Richard J. Daley Center, *Plaintiffs' Answer to Affirmative Defenses of Defendant Jaguar Cars Limited*, a copy of which is attached hereto.

               Respectfully submitted,

               *E. M. Jolley*
               One of the Attorneys for Plaintiffs
               MIKE ANDREESCU and
               MADALINA ANDREESCU

Firm ID# 37410
O'Connor & Karnes
20 South Clark St Suite 2000
Chicago, Illinois 60603
(312) 629-8900

### CERTIFICATE OF SERVICE

    The undersigned served the above and foregoing document upon all persons entitled to notice in this cause by placing copies thereof in envelopes properly addressed to each and all of the following of the above-mentioned attorneys at their above stated addresses, and depositing the same in the United States Postal Service mailbox at 20 South Clark Street, Chicago, IL, 60603, on Thursday, March 06, 2008, at or before 5:00 p.m. with proper, prepaid, first-class postage affixed thereon.  Under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this Certificate of Service are true and correct.

                                *Bethany Apec*

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU, and )
MADALINA D. ANDREESCU, )
)
        Plaintiffs, )
)
v. )    Case No.:   2008 L 000091
)
FORD MOTOR COMPANY,  and )
JAGUAR CARS, a subsidiary of )
FORD MOTOR COMPANY, )    Calendar:   C
)
        Defendants. )

## ANSWER TO AFFIRMATIVE DEFENSES OF DEFENDANT
## JAGUAR CARS LIMITED

NOW COME Plaintiffs, MIKE ANDREESCU and MADALINA D. ANDREESCU, by

their attorneys, O'CONNOR & KARNES, and for their answer to Defendant JAGUAR

CARS LIMITED'S Affirmative Defenses, state:

## FIRST AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle failed

to exercise due care for his own safety due to one or more of the following negligent

acts and/or omissions that resulted in the alleged damages:

    a.    failed to control the vehicle in a safe and appropriate manner;

    b.    failed to keep a proper lookout;

    c.    failed to properly secure himself within the vehicle;

    d.    failed to properly steer and brake the vehicle;

    e.    failed to properly maintain the condition of the tires on the vehicle;

f.   operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.   committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's First Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

2.   Plaintiffs' damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's First Affirmative Defense and demand proof thereof.

## SECOND AFFIRMATIVE DEFENSE

1.   On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.   failed to control the vehicle in a safe and appropriate manner;

b.   failed to keep a proper lookout;

c.   failed to properly secure himself within the vehicle;

d.   failed to properly steer and brake the vehicle;

e.   failed to properly maintain the condition of the tires on the vehicle;

f.   operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

2

g.      committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's Second Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

2.      Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:**  Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's Second Affirmative Defense and demand proof thereof.

### THIRD AFFIRMATIVE DEFENSE

1.      On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.      failed to control the vehicle in a safe and appropriate manner;

b.      failed to keep a proper lookout;

c.      failed to properly secure himself within the vehicle;

d.      failed to properly steer and brake the vehicle;

e.      failed to properly maintain the condition of the tires on the vehicle;

f.      operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

3

g.     committed other negligent acts and/or omissions as may be disclosed during the, course of discovery.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's Third Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

2.     Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's Third Affirmative Defense and demand proof thereof.

### FOURTH AFFIRMATIVE DEFENSE

The fault, if any, attributable to Jaguar Cars is less than twenty-five percent of the total fault attributable to each respective plaintiff, each defendant sued by plaintiff, Jaguar Cars, and any counter-defendant sued by Jaguar Cars, if any. Pursuant to §2-1117 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Jaguar Cars is severably liable for all damages claimed by plaintiffs, other than their past and future medical and medically related expenses.

**ANSWER:** Plaintiffs admit the existence of 735 ILCS 5/2-1117 but deny its applicability herein and deny the remaining allegations contained in Defendant's Fourth Affirmative Defense and demand proof thereof.

4

WHEREFORE, Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, deny the Defendant is entitled to any relief under its affirmative defenses and respectfully requests this Court to dismiss Defendant's affirmative defenses with prejudice and with costs upon Defendant, and for such other relief as may be appropriate under the circumstances.

Respectfully submitted,

One of the Attorneys for Plaintiffs
MIKE ANDREESCU, and
MADALINA D. ANDREESCU

Neil D. O'Connor
Evan B. Karnes II
O'Connor & Karnes
20 South Clark Street, Suite 2000
Chicago, IL 60603
(312) 629-8900

080131.23

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION



MIKE ANDREESCU and
MADALINA D. ANDREESCU,

       Plaintiffs,

    v.

FORD MOTOR COMPANY,
JAGUAR CARS, LTD., a subsidiary of
FORD MOTOR COMPANY, and
JAGUAR ELMHURST, LTD.,

       Defendants.

No.  08 L 91

Honorable Ronald S. Davis,
Judge Presiding

### JAGUAR CARS LIMITED'S AMENDED ANSWERS TO PLAINTIFFS'
### COMPLAINT AT LAW

NOW COMES defendant, JAGUAR CARS LIMITED, incorrectly sued as Jaguar Cars, Ltd.,

(hereafter "JAGUAR"), by its attorneys, John A. Krivicich, Edward E. Fu and DONOHUE BROWN

MATHEWSON & SMYTH LLC, and hereby submits its amended answers to plaintiffs' complaint

at law as follows:

### COUNT I - STRICT PRODUCT LIABILITY (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count I of plaintiffs' complaint at law

because the allegations are not directed towards it. To the extent that any of the allegations could be

construed as directed against Jaguar, they are denied.

### COUNT II - NEGLIGENCE (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count II of plaintiffs' complaint at

law because the allegations are not directed towards it. To the extent that any of the allegations could

be construed as directed against Jaguar, they are denied.

### COUNT III - RES IPSA LOQUITUR (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count III of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

### COUNT IV - BREACH OF WARRANTY (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count IV of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

### COUNT V - LOSS OF CONSORTIUM (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count V of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

### COUNT VI - STRICT PRODUCT LIABILITY (JAGUAR CARS, LIMITED)

1.　Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling automobiles and their component parts.

**ANSWER:**　Jaguar admits that Ford Motor Company is a Delaware corporation engaged in the design, manufacture and sale, at least in part, of certain motor vehicles. Answering further, Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of Count VI of plaintiffs' complaint at law.

2.      Defendant, JAGUAR CARS, LTD., a subsidiary of FORD MOTOR COMPANY, is a

Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the

business of designing, manufacturing, and selling automobiles and their component parts.

**ANSWER:**      Jaguar admits that it is a subsidiary of Ford Motor Company and admits that it is a
corporation organized under the laws of the United Kingdom, with its principal place
of business in the United Kingdom. Jaguar admits doing business in Illinois and
admits it was engaged in the business of designing in part, manufacturing in part and
selling Jaguar automobiles and their component parts. Further answering, Jaguar
denies any remaining allegations inconsistent with the foregoing statement.

3.      Defendant, JAGUAR ELMHURST, LTD., is an Illinois Corporation doing business

in Illinois, which at all relevant times was and is engaged in the business of retailing, selling,

distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY

and/or JAGUAR CARS, LTD., to consumers.

**ANSWER:**      Jaguar admits that Jaguar Elmhurst, Ltd. is a retailer of new Jaguar cars. Answering
further, Jaguar lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations contained in paragraph 3 of Count VI of
plaintiffs' complaint at law and, therefore said allegations are denied.

4.      At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard,

Illinois.

**ANSWER:**      Jaguar lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 4 of Count VI of plaintiffs' complaint
at law and, therefore said allegations are denied.

5.      Plaintiff    purchased    a    new    2005    Jaguar    X-Type    automobile,    VIN    #

SAJW352D45XE21837 ("2005 Jaguar"), manufactured by JAGUAR CARS, LTD., from JAGUAR

ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

**ANSWER:**      Jaguar admits that it manufactured in part 2005 Jaguar cars. Further answering,
Jaguar lacks knowledge or information sufficient to form belief as to the truth or
falsity of the remaining allegations, and therefore said allegations are denied.

- 3 -

6.      At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer,

and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**     Jaguar denies the allegations contained in paragraph 6 of Count VI of plaintiffs' complaint at law.

7.      At all relevant times, JAGUAR CARS, LTD., was the designer, manufacturer, and

seller of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**     Jaguar admits that it designed in part, manufactured in part and sold 2005 model Jaguar cars. Further answering, Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore said allegations are denied.

8.      At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and

distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

9.      At all relevant times FORD MOTOR COMPANY was and is engaged in the business

of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**     Jaguar admits that Ford Motor Company sells certain motor vehicles. Answering further, Jaguar denies the remaining allegations contained in paragraph 9 of Count VI of plaintiffs' complaint at law.

10.     At all relevant times JAGUAR CARS, LTD., was and is engaged in the business of

placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**     Jaguar admits that it sells certain automobiles, including certain 2005 model Jaguars. Further answering, Jaguar denies any remaining allegations inconsistent with the foregoing statement.

11.     At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the

business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

12.     Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new

2005 Jaguar in the stream of commerce.

**ANSWER:**     Jaguar denies the allegations contained in paragraph 12 of Count VI of plaintiffs' complaint at law.

13.     Prior to January 7, 2006, Defendant JAGUAR CARS, LTD. placed the new 2005

Jaguar in the stream of commerce.

**ANSWER:**     Jaguar admits that it sells certain Jaguar automobiles, including 2005 model Jaguars. Further answering, Jaguar denies any remaining allegations contained in paragraph 13 of Count VI of plaintiffs' complaint at law.

14.     Prior to January 7, 2006, Defendant JAGUAR ELMHURST, LTD. placed the new

2005 Jaguar in the stream of commerce.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

15.     JAGUAR CARS, LTD. failed to adequately warn and/or instruct Plaintiff with regard

to the non-deployment situations of airbags in crash/impact occurrences.

**ANSWER:**     Jaguar denies the allegations contained in paragraph 15 of Count VI of plaintiffs' complaint at law.

16.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU,

was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about

milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

**ANSWER:** Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

17. On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of

the subject 2005 Jaguar and the right front brake of the Jaguar locked.

**ANSWER:** Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

18. On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90

degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across

the front bumper of the 2005 Jaguar.

**ANSWER:** Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

19. On January 7, 2006, all of the 2005 Jaguar's air bags, including the driver's side

airbag, failed to deploy when the 2005 Jaguar struck the guard rail at the east side of Interstate 294.

**ANSWER:** Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

20. On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using the 2005

Jaguar for its intended purpose: transportation.

**ANSWER:** Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

21. At the time the 2005 Jaguar left the control of Defendant, JAGUAR CARS, LTD., it

contained a defective condition that made it unreasonably dangerous to consumers, including

Plaintiff, in one or more of the following respects:

- 6 -

a.    The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b.    The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.    The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

d.    The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.    The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.    The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

**ANSWER:**    Jaguar denies each and every allegation contained in paragraph 21 of Count VI of plaintiffs' complaint at law, including subparagraphs (a) through (f) thereof.

22.    As a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, JAGUAR CARS, LTD., the airbags failed to deploy and perform in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail, leading to Plaintiff's injuries and resultant damages.

**ANSWER:**    Jaguar denies the allegations contained in paragraph 22 of Count VI of plaintiffs' complaint at law.

23.     That as a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, JAGUAR CARS, LTD., the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**     Jaguar denies the allegations contained in paragraph 23 of Count VI of plaintiffs' complaint at law.

24.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

25.     On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

**ANSWER:**     Jaguar denies the allegations contained in paragraph 25 of Count VI of plaintiffs' complaint at law.

**WHEREFORE**, this defendant, JAGUAR CARS LIMITED, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

- 8 -

## COUNT VII - NEGLIGENCE (JAGUAR CARS LIMITED)

1-20.    Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count VI as paragraphs 1

through 20 of Count VII as if fully set forth herein.

**ANSWER:**    Jaguar adopts and realleges its answers to paragraphs 1 through 20 of Count VI as
paragraphs 1 through 20 of Count VII as if fully set forth herein.

21.    At the time the 2005 Jaguar left Defendant JAGUAR CARS, LTD.'S control,

Defendant owed a duty to exercise reasonable care in manufacturing and producing its automobiles,

and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this

case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including

the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

**ANSWER:**    Jaguar admits to owing duties imposed by law but denies that plaintiffs have
accurately stated those duties.  Answering further, Jaguar denies the remaining
allegations contained in paragraph 21 of Count VII of plaintiffs' complaint at law.

22.    At the time the 2005 Jaguar left the control of Defendant, JAGUAR CARS, LTD.,

contained a condition that made it unreasonably dangerous in one or more of the following respects:

a.    The airbag system was improperly designed, manufactured, fabricated,
installed, distributed, and sold such that it would fail to deploy and operate in
the manner reasonably expected in light of its nature and intended function
when the 2005 Jaguar struck the guard rail;

b.    The airbag and airbag sensors were improperly designed, manufactured,
fabricated, installed, distributed, and sold such that they failed to operate in
the manner reasonably expected in light of their nature and intended function
when the 2005 Jaguar struck the guard rail;

c.    The airbag igniter and inflator unit were improperly designed, manufactured,
fabricated, installed, distributed, and sold such that they failed to operate in
the manner reasonably expected in light of their nature and intended function
when the 2005 Jaguar struck the guard rail;

d.  The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.  The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.  The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

**ANSWER:**   Jaguar denies each and every allegation contained in paragraph 22 of Count VII of plaintiffs' complaint at law, including subparagraphs (a) through (f) thereof.

23.   Defendant, JAGUAR CARS, LTD., was negligent and careless in its design, production, or manufacture of the 2005 Jaguar and its component parts, including its airbag system, in an unreasonably dangerous condition as stated herein, and was guilty of other careless and negligent acts or omissions in designing and manufacturing the 2005 Jaguar.

**ANSWER:**   Jaguar denies the allegations contained in paragraph 23 of Count VII of plaintiffs' complaint at law.

24.   That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**   Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count VII of plaintiffs' complaint at law and, therefore said allegations are denied.

25.   As a direct and proximate result of Defendant JAGUAR CARS, LTD.'S negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

- 10 -

**ANSWER:**   Jaguar denies the allegations contained in paragraph 25 of Count VII of plaintiffs' complaint at law.

26.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, JAGUAR CARS, LTD., the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**   Jaguar denies the allegations contained in paragraph 26 of Count VII of plaintiffs' complaint at law.

**WHEREFORE**, this defendant, JAGUAR CARS LIMITED, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT VIII - *RES IPSA LOQUITUR* (JAGUAR CARS, LTD.)

This defendant makes no answer to the allegations contained in Count VIII of plaintiffs' complaint at law because the allegations are subject to a separately filed motion to dismiss.

## COUNT IX - BREACH OF WARRANTY (JAGUAR CARS, LTD.)

1-20.   Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count VI as paragraphs 1 through 20 of Count IX as if fully set forth herein.

**ANSWER:**   Jaguar adopts and realleges its answers to paragraphs 1 through 20 of Count VI as paragraphs 1 through 20 of Count IX as if fully set forth herein.

- 11 -

21.  Defendant, JAGUAR CARS, LTD., is a merchant of Jaguar X-Type automobiles,

including Plaintiff's 2005 Jaguar, and their component parts.

**ANSWER:**  Jaguar admits that it is generally engaged in the business of selling Jaguar automobiles and their component parts.  Further answering, Jaguar denies any remaining allegations inconsistent with the foregoing statement.

22.  On July 23, 2005, Defendant, JAGUAR CARS, LTD., did sell the subject 2005

Jaguar to the Plaintiff in the amount of $35,074.20.

**ANSWER:**  Jaguar admits that it sold the 2005 Jaguar to one of its distributors.  Further answering, Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 22 of Count IX of plaintiffs' complaint at law

23.  On July 23, 2005, Defendant, JAGUAR CARS, LTD., through JAGUAR

ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

**ANSWER:**  Jaguar admits that it sold the 2005 Jaguar to one of its distributors.  Further answering, Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 23 of Count IX of plaintiffs' complaint at law.

24.  That from the time of its sale up to the time of the collision, the 2005 Jaguar was in

the same condition as at the time of sale other than normal usage.

**ANSWER:**  Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count IX of plaintiffs' complaint at law and, therefore said allegations are denied.

25.  That on and before January 7, 2006, the Defendant, JAGUAR CARS, LTD., did

expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable

quality and safe for their intended use.

**ANSWER:**  Jaguar admits to certain warranties on new Jaguar automobiles but denies that plaintiffs accurately state those warranties.  Further answering, Jaguar denies the

remaining allegations contained in paragraph 25 of Count IX of plaintiffs' complaint at law.

26.     Plaintiff relied on the representation and warranty in purchasing and paying for the

2005 Jaguar.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Count IX of plaintiffs' complaint at law and, therefore said allegations are denied.

27.     That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it

was intended: for transportation.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Count IX of plaintiffs' complaint at law and, therefore said allegations are denied.

28.     At the time of sale and delivery, the 2005 Jaguar and component parts were not as

warranted to the Plaintiff because:

   a.     The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guardrail;

   b.     The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guardrail;

   c.     The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guardrail;

   d.     The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guardrail;

   e.     The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

   f.     The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guardrail.

**ANSWER:**     Jaguar denies that the 2005 Jaguar and component parts were not as warranted. Further answering, Jaguar lacks knowledge or information sufficient to form a belief

as to the truth or falsity of the remaining allegations, including subparagraphs (a) through (f) thereof, and therefore said allegations are denied.

29.    As a result of the breach of warranty, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**    Jaguar denies the allegations contained in paragraph 29 of Count IX of plaintiffs' complaint at law.

30.    Plaintiff's injury and damages were caused proximately and due to the fact the goods were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the time or immediately after the 2005 Jaguar struck the guardrail.

**ANSWER:**    Jaguar denies the allegations contained in paragraph 30 of Count IX of plaintiffs' complaint at law.

**WHEREFORE**, this defendant JAGUAR CARS LIMITED, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT X - LOSS OF CONSORTIUM (JAGUAR CARS, LTD.)

1-80.    Plaintiffs adopt and re-allege paragraphs 1 through 25 of Count VI, 1 through 26 of Count VII, and 1 through 29 of Count VIII as paragraphs 1 through 80 of Count X as if fully set forth herein.

- 14 -

**ANSWER:** Jaguar adopts and realleges its answers to paragraphs 1 through 25 of Count VI, 1 through 26 of Count VII, and 1 through 29 of Count VIII as paragraphs 1 through 80 of Count X as if fully set forth herein.

81. That at all times relevant hereto Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, were duly and lawfully married and were living together as husband and wife.

**ANSWER:** Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of Count X of plaintiffs' complaint at law and, therefore said allegations are denied.

82. That as a direct and proximate result of the above and foregoing, the Plaintiffs have suffered and will in the future suffer, loss of consortium, companionship, services, affection and society.

**ANSWER:** Jaguar denies the allegations contained in paragraph 82 of Count X of plaintiffs' complaint at law.

**WHEREFORE**, this defendant, JAGUAR CARS LIMITED, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT XI - STRICT PRODUCT LIABILITY (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XI of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

## COUNT XII - NEGLIGENCE (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XII of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

- 15 -

## COUNT XIII - RES IPSA LOQUITUR (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XIII of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

## COUNT XIV - BREACH OF WARRANTY (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XIV of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

## COUNT XV - LOSS OF CONSORTIUM (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XV of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

**WHEREFORE**, this defendant, JAGUAR CARS LIMITED, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle failed to exercise due care for his own safety due to one or more of the following negligent acts and/or omissions that resulted in the alleged damages:

   a.    failed to control the vehicle in a safe and appropriate manner;

   b.    failed to keep a proper lookout;

- 16 -

c.    failed to properly secure himself within the vehicle;

d.    failed to properly steer and brake the vehicle;

e.    failed to properly maintain the condition of the tires on the vehicle;

f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Plaintiffs' damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, the defendant, JAGUAR CARS LIMITED, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

<u>**SECOND AFFIRMATIVE DEFENSE**</u>

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.    failed to control the vehicle in a safe and appropriate manner;

b.    failed to keep a proper lookout;

c.    failed to properly secure himself within the vehicle;

d.    failed to properly steer and brake the vehicle;

e.    failed to properly maintain the condition of the tires on the vehicle;

f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, the defendant, JAGUAR CARS LIMITED, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

## THIRD AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.    failed to control the vehicle in a safe and appropriate manner;

b.    failed to keep a proper lookout;

c.    failed to properly secure himself within the vehicle;

d.    failed to properly steer and brake the vehicle;

e.    failed to properly maintain the condition of the tires on the vehicle;

f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

- 18 -

2.　　Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, the defendant, JAGUAR CARS LIMITED, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

**FOURTH AFFIRMATIVE DEFENSE**

The fault, if any, attributable to Jaguar Cars Limited is less than twenty-five percent of the total fault attributable to each respective plaintiff, each defendant sued by plaintiff, Jaguar Cars Limited, and any counter-defendant sued by Jaguar Cars Limited, if any. Pursuant to §2-1117 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Jaguar Cars Limited is severably liable for all damages claimed by plaintiffs, other than their past and future medical and medically related expenses.

Respectfully submitted,

By:　　_____

One of the Attorneys for the Defendant
JAGUAR CARS LIMITED

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
John A. Krivicich
Edward E. Fu
140 South Dearborn Street, Suite 800
Chicago, IL 60603
Telephone:　　(312) 422-0900
Facsimile:　　(312) 422-0909

STATE OF ILLINOIS      )
                          ) SS
COUNTY OF C O O K    )

## **AFFIDAVIT**

      I, John A. Krivicich, having been duly sworn on oath, state that I am an attorney licensed to practice in the State of Illinois and that within my responsibilities I have been assigned the defense of Jaguar Cars Limited in this matter.  I have reviewed the file material available to me at the time of preparation of the Amended Answer on behalf of Jaguar Cars Limited, and prepared and reviewed the foregoing Amended Answer. The statements that this defendant, Jaguar Cars Limited, is without knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's allegation are true and correct to the best of my knowledge and belief.

                                      _____
                                    John A. Krivicich

SUBSCRIBED AND SWORN TO before me this

    27th   day of February  , 2008

_____
        Notary Public

"OFFICIAL SEAL"
SHARON M. SKIERKIEWICZ
Notary Public, State of Illinois
My Commission Expires 2/9/10

File Date: _March 21, 2008_

Case No: _08cv 11663_

ATTACHMENT # _1_

EXHIBIT _C cont'd_

TAB (DESCRIPTION) _____

080131.25

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU and
MADALINA D. ANDREESCU,

        Plaintiffs,

    v.

FORD MOTOR COMPANY,
JAGUAR CARS, LTD., a subsidiary of
FORD MOTOR COMPANY, and
JAGUAR ELMHURST, LTD.,

        Defendants.

No.  08 L 91
Judge Ronald S. Davis
Motion Call: C

### ORDER

**THIS CAUSE** coming to be heard on the motion of defendant, JAGUAR CARS LIMITED,

incorrectly sued as Jaguar Cars, Ltd., to file its Amended Answer and Affirmative Defenses,

*instanter*, notice having been given and the Court being apprised,

    **IT IS HEREBY ORDERED:**

    Said motion is GRANTED; Jaguar Cars Limited is granted leave to file its Amended Answer

and Affirmative Defenses, *instanter*.

               **ENTERED**

Assoc. Judge Ronald S. Davis

MAR 0 6 2008

    By:     _____    Circuit Court - 553

           JUDGE

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
John A. Krivicich
Edward E. Fu
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

ANDERSON )
 )
 )
           v.                          )      NO.  08 04
 )
 )
    FORD MOTOR CO., et al.             )
 )

## ORDER

THIS CAUSE COMING ON for entry of a briefing schedule on the Motion of

Movant, __Defendants__ for __X__ 2-615 Dismissal,

__X__ 2-619 Dismissal, _____ Rule 103(b) Dismissal, _____ 2-1005 Summary

Judgment, _____ Other _____, the Court being advised in the premises:

IT IS HEREBY ORDERED AS FOLLOWS:

1.    The response of __Plaintiff__ is due on __3/14/08__

2.    The reply of __Defendant__ is due on __3/28/08__

3.    The matter is set for HEARING ON __4/10/08 @ 11:15 am__

4.    The MOVANT will provide the Court ON __3/31/08__
      with a COMPLETE SET OF COURTESY COPIES of all documents, including
      the MOTION, RESPONSE, REPLY, complete deposition transcripts, complaint,
      all exhibits referred to in any pleadings, copies of all out-of-state and Federal
      cases cited in briefs, etc., in conformity with Law Division Motion Call Rules 3.1
      through 3.3.

      UNLESS THE CONTESTED MOTION IS WITHDRAWN 3 DAYS PRIOR
      TO THE HEARING DATE BY MOTION BEFORE THE COURT, THE
      HEARING SHALL PROCEED AS SCHEDULED AND THE COURT
      WILL RULE ON THE MOTION.

5.    Other:_____

                                            Assoc. Judge Ronald S. Davis

Atty No. 37878
Name: DENNISTIFF                    ENTER:        FEB 2 2 2008
Attorney For: Dft.
Address:
City:  140 S. Dearborn S.                        Circuit Court - 553
Telephone: Chicago IL 60603
           312 922 0400              _____    _____
                                     Judge          Judge's No.

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINIOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU, and )
MADALINA D. ANDREESCU, )
)
Plaintiffs, )
)
v. )  Case No.:    2008 L 000091
)
FORD MOTOR COMPANY, )  Calendar:    C
JAGUAR CARS, LTD., a subsidiary of )
FORD MOTOR COMPANY, and )
JAGUAR ELMHURST, LTD., )
)
Defendants. )

### ORDER

This cause coming to be heard upon Plaintiffs' motion to voluntarily dismiss the Defendant JAGUAR ELMHURST, LTD., due notice having been given, and the Court being advised in the premises:

IT IS HEREBY ORDERED that Plaintiffs motion is granted.  Defendant JAGUAR ELMHURST, LTD. is voluntarily dismissed without prejudice and without costs to either party.  Plaintiffs' claims against the remaining Defendants FORD MOTOR COMPANY and JAGUAR CARS shall continue.

ISSUE  JUDGE  Ronald S. Davis

FEB 2 2 2008

|  |  |
|---|---|
| Atty. No.:  37410 | ENTER:  Circuit Court - 553 |
| Name:  O'Connor & Karnes | |
| Atty. for:  Plaintiffs | |
| Address:  20 S. Clark, Ste. 2000 | |
| City/State:  Chicago, IL 60603 | Judge        Judge's No. |
| Telephone:  (312) 629-8900 | |

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

080131.21

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION



MIKE ANDREESCU and
MADALINA D. ANDREESCU,

      Plaintiffs,

    v.

FORD MOTOR COMPANY,
JAGUAR CARS, LTD., a subsidiary of
FORD MOTOR COMPANY, and
JAGUAR ELMHURST, LTD.,

      Defendants.

No.  08 L 91
Judge Ronald S. Davis
Motion Call: C

## NOTICE OF FILING

TO:   Evan B. Karnes, O'Connor & Karnes, 20 S. Clark Street, Suite 2000, Chicago, IL 60603

PLEASE TAKE NOTICE that on February 14, 2008, we filed with the Clerk of the Circuit

Court of Cook County, IL Jaguar Cars' Answer to Plaintiffs' Complaint at Law, a copy of which is

attached hereto.

*Donohue Brown Mathewson & Smyth LLC*
DONOHUE BROWN MATHEWSON & SMYTH LLC

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:   (312) 422-0900
Facsimile:    (312) 422-0909

## PROOF OF SERVICE

I, Sharon Skierkiewicz, a non-attorney, on oath hereby certifies under penalties of perjury as provided
by law pursuant to Ill. Rev. Stat., ch. 110, par. 1-109 [735 ILCS 5/1-109], that the above notice and any
attached pleading(s) were ( ) personally delivered or (X) placed in the U.S. Mail at 140 South Dearborn Street,
Chicago, Illinois, with first class postage prepaid and directed to the parties at the addresses set forth above at
or before 5:00 p.m. on February 14, 2008.

080131.15

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU and
MADALINA D. ANDREESCU,

            Plaintiffs,

      v.

FORD MOTOR COMPANY,
JAGUAR CARS, LTD., a subsidiary of
FORD MOTOR COMPANY, and
JAGUAR ELMHURST, LTD.,

            Defendants.

No. 08 L 91

Honorable Ronald S. Davis,
Judge Presiding

## JAGUAR CARS' ANSWER TO PLAINTIFFS' COMPLAINT AT LAW

NOW COMES defendant, JAGUAR CARS, incorrectly sued as Jaguar Cars, Ltd,. (hereafter "JAGUAR"), by its attorneys, John A. Krivicich, Edward E. Fu and DONOHUE BROWN MATHEWSON & SMYTH LLC, and hereby submits its answer to plaintiffs' complaint at law as follows:

### COUNT I - STRICT PRODUCT LIABILITY (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count I of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

### COUNT II - NEGLIGENCE (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count II of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

### COUNT III - RES IPSA LOQUITUR (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count III of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

### COUNT IV - BREACH OF WARRANTY (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count IV of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

### COUNT V - LOSS OF CONSORTIUM (FORD MOTOR COMPANY)

Jaguar makes no answer to the allegations contained in Count V of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

### COUNT VI - STRICT PRODUCT LIABILITY (JAGUAR CARS, LTD.)

1.    Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling automobiles and their component parts.

**ANSWER:**    Jaguar admits that Ford Motor Company is a Delaware corporation engaged in the design, manufacture and sale, at least in part, of certain motor vehicles. Answering further, Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 1 of Count VI of plaintiffs' complaint at law.

2.    Defendant, JAGUAR CARS, LTD., a subsidiary of FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling automobiles and their component parts.

**ANSWER:**    Jaguar admits that it is a Delaware corporation doing business in Illinois and was engaged in the business of designing in part, manufacturing in part and selling Jaguar automobiles and their component parts. Further answering, Jaguar denies any remaining allegations inconsistent with the foregoing statement.

3.    Defendant, JAGUAR ELMHURST, LTD., is an Illinois Corporation doing business

in Illinois, which at all relevant times was and is engaged in the business of retailing, selling,

distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY

and/or JAGUAR CARS, LTD, to consumers.

**ANSWER:**    Jaguar admits that Jaguar Elmhurst, Ltd. is a retailer of new Jaguar cars. Answering further, Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

4.    At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard,

Illinois.

**ANSWER:**    Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

5.    Plaintiff   purchased   a   new   2005   Jaguar   X-Type   automobile,   VIN   #

SAJW352D45XE21837 ("2005 Jaguar"), manufactured by JAGUAR CARS, LTD., from JAGUAR

ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

**ANSWER:**    Jaguar admits that it manufactured in part 2005 Jaguar cars. Further answering, Jaguar lacks knowledge or information sufficient to form belief as to the truth or falsity of the remaining allegations, and therefore said allegations are denied.

6.    At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer,

and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**    Jaguar denies the allegations contained in paragraph 6 of Count VI of plaintiffs' complaint at law.

- 3 -

7.    At all relevant times, JAGUAR CARS, LTD., was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**    Jaguar admits that it designed in part, manufactured in part and sold 2005 model Jaguar cars. Further answering, Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore said allegations are denied.

8.    At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**    Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

9.    At all relevant times FORD MOTOR COMPANY was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**    Jaguar admits that Ford Motor Company sells certain motor vehicles. Answering further, Jaguar denies the remaining allegations contained in paragraph 9 of Count VI of plaintiffs' complaint at law.

10.    At all relevant times JAGUAR CARS, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**    Jaguar admits that it sells certain automobiles, including certain 2005 model Jaguars. Further answering, Jaguar denies any remaining allegations inconsistent with the foregoing statement.

11.    At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**    Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

12.     Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new

2005 Jaguar in the stream of commerce.

**ANSWER:**     Jaguar denies the allegations contained in paragraph 12 of Count VI of plaintiffs'
complaint at law.

13.     Prior to January 7, 2006, Defendant JAGUAR CARS, LTD. placed the new 2005

Jaguar in the stream of commerce.

**ANSWER:**     Jaguar admits that it sells certain Jaguar automobiles, including 2005 model Jaguars.
Further answering, Jaguar denies any remaining allegations contained in paragraph
13 of Count VI of plaintiffs' complaint at law.

14.     Prior to January 7, 2006, Defendant JAGUAR ELMHURST, LTD. placed the new

2005 Jaguar in the stream of commerce.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 14 of Count VI of plaintiffs'
complaint at law and, therefore said allegations are denied.

15.     JAGUAR CARS, LTD. failed to adequately warn and/or instruct Plaintiff with regard

to the non-deployment situations of airbags in crash/impact occurrences.

**ANSWER:**     Jaguar denies the allegations contained in paragraph 15 of Count VI of plaintiffs'
complaint at law.

16.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU,

was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about

milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 16 of Count VI of plaintiffs'
complaint at law and, therefore said allegations are denied.

17.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of

the subject 2005 Jaguar and the right front brake of the Jaguar locked.

- 5 -

**ANSWER:**   Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

18.    On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90

degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across

the front bumper of the 2005 Jaguar.

**ANSWER:**   Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

19.    On January 7, 2006, all of the 2005 Jaguar's air bags, including the driver's side

airbag, failed to deploy when the 2005 Jaguar struck the guard rail at the east side of Interstate 294.

**ANSWER:**   Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

20.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using the 2005

Jaguar for its intended purpose: transportation.

**ANSWER:**   Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

21.    At the time the 2005 Jaguar left the control of Defendant, JAGUAR CARS, LTD., it

contained a defective condition that made it unreasonably dangerous to consumers, including

Plaintiff, in one or more of the following respects:

　　　　　　a.    The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

- 6 -

    b.    The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    c.    The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    d.    The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    e.    The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

    f.    The 2005 Jaguar • was otherwise improperly designed, manufactured, fabricated, installed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

**ANSWER:**    Jaguar denies each and every allegation contained in paragraph 21 of Count VI of plaintiffs' complaint at law, including subparagraphs (a) through (f) thereof.

22.    As a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, JAGUAR CARS, LTD., the airbags failed to deploy and perform in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail, leading to Plaintiff's injuries and resultant damages.

**ANSWER:**    Jaguar denies the allegations contained in paragraph 22 of Count VI of plaintiffs' complaint at law.

23.    That as a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, JAGUAR CARS, LTD., the Plaintiff sustained

severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**    Jaguar denies the allegations contained in paragraph 23 of Count VI of plaintiffs' complaint at law.

24.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**    Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count VI of plaintiffs' complaint at law and, therefore said allegations are denied.

25.    On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

**ANSWER:**    Jaguar denies the allegations contained in paragraph 25 of Count VI of plaintiffs' complaint at law.

WHEREFORE, this defendant, JAGUAR CARS, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT VII - NEGLIGENCE (JAGUAR CARS, LTD.)

1-20.    Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count VI as paragraphs 1 through 20 of Count VII as if fully set forth herein.

**ANSWER:**    Jaguar adopts and realleges its answers to paragraphs 1 through 20 of Count VI as paragraphs 1 through 20 of Count VII as if fully set forth herein.

21.    At the time the 2005 Jaguar left Defendant JAGAUR CARS, LTD.'S control, Defendant owed a duty to exercise reasonable care in manufacturing and producing its automobiles, and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

**ANSWER:**    Jaguar admits to owing duties imposed by law but denies that plaintiffs have accurately stated those duties.  Answering further, Jaguar denies the remaining allegations contained in paragraph 21 of Count VII of plaintiffs' complaint at law.

22.    At the time the 2005 Jaguar left the control of Defendant, JAGUAR CARS, LTD., t contained a condition that made it unreasonably dangerous in one or more of the following respects:

a.    The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b.    The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.    The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

d.    The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.    The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in

the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.   The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

**ANSWER:**   Jaguar denies each and every allegation contained in paragraph 22 of Count VII of plaintiffs' complaint at law, including subparagraphs (a) through (f) thereof.

23.   Defendant, JAGUAR CARS, LTD., was negligent and careless in its design, production, or manufacture of the 2005 Jaguar and its component parts, including its airbag system, in an unreasonably dangerous condition as stated herein, and was guilty of other careless and negligent acts or omissions in designing and manufacturing the 2005 Jaguar.

**ANSWER:**   Jaguar denies the allegations contained in paragraph 23 of Count VII of plaintiffs' complaint at law.

24.   That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**   Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count VII of plaintiffs' complaint at law and, therefore said allegations are denied.

25.   As a direct and proximate result of Defendant JAGUAR CARS, LTD.'S negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

**ANSWER:**   Jaguar denies the allegations contained in paragraph 25 of Count VII of plaintiffs' complaint at law.

26.   As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, JAGUAR CARS, LTD., the Plaintiff sustained severe and

permanent injuries, and was and will be in the future hindered and prevented in whole or in part from

attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as

aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will

in the future continue to suffer; Plaintiff further expended and became liable for and will in the future

expend and become liable for large sums of money for medical care and services endeavored to

become healed and cured of said injuries.

**ANSWER:**   Jaguar denies the allegations contained in paragraph 26 of Count VII of plaintiffs' complaint at law.

WHEREFORE, this defendant, JAGUAR CARS, denies that the plaintiffs are entitled to

judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor

and against plaintiff and award its costs in defending the lawsuit.

## COUNT VIII - *RES IPSA LOQUITUR* (JAGUAR CARS, LTD.)

This defendant makes no answer to the allegations contained in Count VIII of plaintiffs'

complaint at law because the allegations are subject to a separately filed motion to dismiss.

## COUNT IX - BREACH OF WARRANTY (JAGUAR CARS, LTD.)

1-20.   Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count VI as paragraphs 1

through 20 of Count IX as if fully set forth herein.

**ANSWER:**   Jaguar adopts and realleges its answers to paragraphs 1 through 20 of Count VI as paragraphs 1 through 20 of Count IX as if fully set forth herein.

21.   Defendant, JAGUAR CARS, LTD., is a merchant of Jaguar X-Type automobiles,

including Plaintiff's 2005 Jaguar, and their component parts.

**ANSWER:**   Jaguar admits that it is generally engaged in the business of selling Jaguar automobiles and their component parts. Further answering, Jaguar denies any remaining allegations inconsistent with the foregoing statement.

22.    On July 23, 2005, Defendant, JAGUAR CARS, LTD., did sell the subject 2005

Jaguar to the Plaintiff in the amount of $35,074.20.

**ANSWER:**    Jaguar admits that it sold the 2005 Jaguar to one of its distributors.  Further
answering, Jaguar lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations contained in paragraph 22 of Count IX of
plaintiffs' complaint at law

23.    On July 23, 2005, Defendant, JAGUAR CARS, LTD., through JAGUAR

ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

**ANSWER:**    Jaguar admits that it sold the 2005 Jaguar to one of its distributors.  Further
answering, Jaguar lacks knowledge or information sufficient to form a belief as to the
truth or falsity of the remaining allegations contained in paragraph 23 of Count IX of
plaintiffs' complaint at law.

24.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in

the same condition as at the time of sale other than normal usage.

**ANSWER:**    Jaguar lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 24 of Count IX of plaintiffs'
complaint at law and, therefore said allegations are denied.

25.    That on and before January 7, 2006, the Defendant, JAGUAR CARS, LTD., did

expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable

quality and safe for their intended use.

**ANSWER:**    Jaguar admits to certain warranties on new Jaguar automobiles but denies that
plaintiffs accurately state those warranties.  Further answering, Jaguar denies the
remaining allegations contained in paragraph 25 of Count IX of plaintiffs' complaint
at law.

26.    Plaintiff relied on the representation and warranty in purchasing and paying for the

2005 Jaguar.

**ANSWER:**   Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of Count IX of plaintiffs' complaint at law and, therefore said allegations are denied.

27.   That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it

was intended: for transportation.

**ANSWER:**   Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Count IX of plaintiffs' complaint at law and, therefore said allegations are denied.

28.   At the time of sale and delivery, the 2005 Jaguar and component parts were not as

warranted to the Plaintiff because:

a.   The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guard rail;

b.   The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

c.   The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

d.   The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

e.   The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

f.   The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail.

**ANSWER:**   Jaguar denies that the 2005 Jaguar and component parts were not as warranted. Further answering, Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations, including subparagraphs (a) through (f) thereof, and therefore said allegations are denied.

29.   As a result of the breach of warranty, the Plaintiff sustained severe and permanent

injuries, and was and will be in the future hindered and prevented in whole or in part from attending

to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned.

- 13 -

Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**  Jaguar denies the allegations contained in paragraph 29 of Count IX of plaintiffs' complaint at law.

30.   Plaintiff's injury and damages were caused proximately and due to the fact the goods were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

**ANSWER:**  Jaguar denies the allegations contained in paragraph 30 of Count IX of plaintiffs' complaint at law.

WHEREFORE, this defendant, JAGUAR CARS, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT X - LOSS OF CONSORTIUM (JAGUAR CARS, LTD.)

1-80.   Plaintiffs adopt and re-allege paragraphs 1 through 25 of Count VI, 1 through 26 of Count VII, and 1 through 29 of Count VIII as paragraphs 1 through 80 of Count X as if fully set forth herein.

**ANSWER:**  Jaguar adopts and realleges its answers to paragraphs 1 through 25 of Count VI, 1 through 26 of Count VII, and 1 through 29 of Count VIII as paragraphs 1 through 80 of Count X as if fully set forth herein.

81.   That at all times relevant hereto Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, were duly and lawfully married and were living together as husband and wife.

**ANSWER:**     Jaguar lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of Count X of plaintiffs' complaint at law and, therefore said allegations are denied.

82.     That as a direct and proximate result of the above and foregoing, the Plaintiffs have suffered and will in the future suffer, loss of consortium, companionship, services, affection and society.

**ANSWER:**     Jaguar denies the allegations contained in paragraph 82 of Count X of plaintiffs' complaint at law.

WHEREFORE, this defendant, JAGUAR CARS, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT XI - STRICT PRODUCT LIABILITY (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XI of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

## COUNT XII - NEGLIGENCE (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XII of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

## COUNT XIII - RES IPSA LOQUITUR (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XIII of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

## COUNT XIV - BREACH OF WARRANTY (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XIV of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

## COUNT XV - LOSS OF CONSORTIUM (JAGUAR ELMHURST, LTD.)

Jaguar makes no answer to the allegations contained in Count XV of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Jaguar, they are denied.

WHEREFORE, this defendant, JAGUAR CARS, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle failed to exercise due care for his own safety due to one or more of the following negligent acts and/or omissions that resulted in the alleged damages:

    a.    failed to control the vehicle in a safe and appropriate manner;

    b.    failed to keep a proper lookout;

    c.    . failed to properly secure himself within the vehicle;

    d.    failed to properly steer and brake the vehicle;

    e.    failed to properly maintain the condition of the tires on the vehicle;

    f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Plaintiffs' damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

WHEREFORE, the defendant, Jaguar Cars, incorrectly sued as Jaguar Cars, Ltd., prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

## SECOND AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.    failed to control the vehicle in a safe and appropriate manner;

b.    failed to keep a proper lookout;

c.    failed to properly secure himself within the vehicle;

d.    failed to properly steer and brake the vehicle;

e.    failed to properly maintain the condition of the tires on the vehicle;

f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

WHEREFORE, the defendant, Jaguar Cars, incorrectly sued as Jaguar Cars, Ltd., prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

## THIRD AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

   a.    failed to control the vehicle in a safe and appropriate manner;

   b.    failed to keep a proper lookout;

   c.    failed to properly secure himself within the vehicle;

   d.    failed to properly steer and brake the vehicle;

   e.    failed to properly maintain the condition of the tires on the vehicle;

   f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

   g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiffs' alleged injuries and damages and constitute more than

fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

WHEREFORE, the defendant, Jaguar Cars, incorrectly sued as Jaguar Cars, Ltd., prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

### FOURTH AFFIRMATIVE DEFENSE

The fault, if any, attributable to Jaguar Cars is less than twenty-five percent of the total fault attributable to each respective plaintiff, each defendant sued by plaintiff, Jaguar Cars, and any counter-defendant sued by Jaguar Cars, if any. Pursuant to §2-1117 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Jaguar Cars is severably liable for all damages claimed by plaintiffs, other than their past and future medical and medically related expenses.

Respectfully submitted,

By: _____

One of the Attorneys for the Defendant, JAGUAR CARS, incorrectly sued as Jaguar Cars, Ltd.

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
John A. Krivicich
Edward E. Fu
140 South Dearborn Street, Suite 800
Chicago, IL 60603
Telephone: (312) 422-0900
Facsimile: (312) 422-0909

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF C O O K          )

## **AFFIDAVIT**

I, John A. Krivicich, having been duly sworn on oath, state that I am an attorney licensed to practice in the State of Illinois and that within my responsibilities I have been assigned the defense of Jaguar Cars in this matter.   I have reviewed the file material available to me at the time of preparation of the Answer on behalf of Jaguar Cars, and prepared and reviewed the foregoing Answer.  The statements that this defendant, Jaguar Cars, is without knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's allegation are true and correct to the best of my knowledge and belief.

_____
John A. Krivicich

SUBSCRIBED AND SWORN TO before me this

14th  / day of February , 2008

_____
Notary Public

"OFFICIAL SEAL"
SHARON M. SKIERKIEWICZ
Notary Public, State of Illinois
My Commission Expires 2/9/10

080131.21

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION



MIKE ANDREESCU and
MADALINA D. ANDREESCU,

        Plaintiffs,

    v.

FORD MOTOR COMPANY,
JAGUAR CARS, LTD., a subsidiary of
FORD MOTOR COMPANY, and
JAGUAR ELMHURST, LTD.,

        Defendants.

No.  08 L 91
Judge Ronald S. Davis
Motion Call: C

## NOTICE OF FILING

TO:   Evan B. Karnes, O'Connor & Karnes, 20 S. Clark Street, Suite 2000, Chicago, IL 60603

PLEASE TAKE NOTICE that on February 14, 2008, we filed with the Clerk of the Circuit

Court of Cook County, IL, Ford Motor Company's Answer to Plaintiffs' Complaint at Law, a copy of

which is attached hereto.

*Donohue Brown Mathewson & Smyth LLC*
DONOHUE BROWN MATHEWSON & SMYTH LLC

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:   (312) 422-0900
Facsimile:   (312) 422-0909

## PROOF OF SERVICE

I, Sharon Skierkiewicz, a non-attorney, on oath hereby certifies under penalties of perjury as provided
by law pursuant to Ill. Rev. Stat., ch. 110, par. 1-109 [735 ILCS 5/1-109], that the above notice and any
attached pleading(s) were ( ) personally delivered or (X) placed in the U.S. Mail at 140 South Dearborn Street,
Chicago, Illinois, with first class postage prepaid and directed to the parties at the addresses set forth above at
or before 5:00 p.m. on February 14, 2008.

080131.13

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

MIKE ANDREESCU and
MADALINA D. ANDREESCU,

Plaintiffs,

v.

FORD MOTOR COMPANY,
JAGUAR CARS, LTD., a subsidiary of
FORD MOTOR COMPANY, and
JAGUAR ELMHURST, LTD.,

Defendants.

No.  08 L 91

Honorable Ronald S. Davis,
Judge Presiding

## FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT AT LAW

NOW COMES defendant, FORD MOTOR COMPANY ("Ford"), by its attorneys, John A.

Krivicich, Edward E. Fu and DONOHUE BROWN MATHEWSON & SMYTH LLC, and hereby

submits its answer to plaintiffs' complaint at law as follows:

## COUNT I - STRICT PRODUCT LIABILITY (FORD MOTOR COMPANY)

1.      Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing business in

Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing,

and selling, Jaguar automobiles and their component parts.

**ANSWER:**     Ford admits that it is a Delaware corporation doing business in Illinois. Ford admits
                that it at times distributed certain Jaguar automobiles from Jaguar Cars, Ltd. to
                Jaguar dealers. Ford denies the remaining allegations in paragraph 1 of Count I.

2.      Defendant, JAGUAR CARS, LTD., a subsidiary of FORD MOTOR COMPANY, is a

Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the

business of designing, manufacturing, and selling, automobiles and their component parts.

**ANSWER:** Ford admits that Jaguar Cars, Ltd. is a subsidiary of Ford and in the business of designing in part, manufacturing in part and selling Jaguar automobiles. Answering further, Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 2 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

3.　　Defendant, JAGUAR ELMHURST, LTD., is an Illinois Corporation doing business

in Illinois, which at all relevant times was and is engaged in the business of retailing, selling,

distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY

and/or JAGUAR CARS, LTD., to consumers.

**ANSWER:** Ford denies that Jaguar Elmhurst Ltd. is a dealer in new Ford cars. Answering further, Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

4.　　At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard,

Illinois.

**ANSWER:** Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 4 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

5.　　Plaintiff purchased a new 2005 Jaguar X-Type automobile, VIN #

SAJW352D45XE21837 ("2005 Jaguar"), manufactured by FORD MOTOR COMPANY, from

JAGUAR ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

**ANSWER:** Ford denies that it manufactured the 2005 Jaguar. Further answering, Ford lacks knowledge or information sufficient to form belief as to the truth or falsity of the remaining allegations, and therefore said allegations are denied.

6.　　At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer,

and seller of the new 2005 Jaguar which was sold to Mike Andreescu..

**ANSWER:** Ford admits that it distributed certain Jaguar cars but denies that it designed, manufactured or sold the 2005 Jaguar. Further answering, Ford lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore said allegations are denied.

7.     At all relevant times, JAGUAR CARS, LTD., was the designer, manufacturer, and

seller of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

8.     At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and

distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

9.     At all relevant times FORD MOTOR COMPANY was and is engaged in the business

of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**     Ford admits that it is generally engaged in the business of selling motor vehicles but denies that it sold the 2005 Jaguar.  Further answering, Ford denies the remaining allegations contained in paragraph 9 of Count I of plaintiffs' complaint at law.

10.     At all relevant times JAGUAR CARS, LTD., was and is engaged in the business of

placing automobiles, including the 2005 Jaguar, in the stream or commerce.

**ANSWER:**     Ford admits that Jaguar Cars, Ltd. sells certain automobiles.  Answering further, Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

11.     At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the

business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

- 3 -

12.    Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new

2005 Jaguar in the stream of commerce.

**ANSWER:**    Ford admits that it is generally engaged in the business of selling motor vehicles but denies that it sold the 2005 Jaguar. Further answering, Ford denies any remaining allegations inconsistent with the foregoing statement.

13.    Prior to January 7, 2006, Defendant JAGUAR CARS, LTD. placed the new 2005

Jaguar in the stream of commerce.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

14.    Prior to January 7, 2006, Defendant JAGUAR ELMHURST, LTD. placed the new

2005 Jaguar in the stream of commerce.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

15.    FORD MOTOR COMPANY failed to adequately warn and/or instruct Plaintiff with

regard to the non-deployment situations of airbags in crash/impact occurrences.

**ANSWER:**    Ford denies any duty to warn or instruct under the facts alleged in plaintiffs' complaint and otherwise denies the allegations contained in paragraph 15 of Count I of plaintiffs' complaint at law.

16.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU,

was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about

milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

- 4 -

17.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of

the subject 2005 Jaguar and the right front brake of the Jaguar locked.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 17 of Count I of plaintiffs' complaint
at law and, therefore said allegations are denied.

18.    On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90

degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across

the front bumper of the 2005 Jaguar.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 18 of Count I of plaintiffs' complaint
at law and, therefore said allegations are denied.

19.    On January 7, 2006, all of the 2005 Jaguar's air bags, including the driver's side

airbag, failed to deploy when the 2005 Jaguar struck the guard rail at the east side of Interstate 294.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 19 of Count I of plaintiffs' complaint
at law and, therefore said allegations are denied.

20.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using the 2005

Jaguar for its intended purpose: transportation.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or
falsity of the allegations contained in paragraph 20 of Count I of plaintiffs' complaint
at law and, therefore said allegations are denied.

21.    At the time the 2005 Jaguar left the control of Defendant, FORD MOTOR

COMPANY, it contained a defective condition that made it unreasonably dangerous to consumers,

including Plaintiff, in one or more of the following respects:

a.    The airbag system was improperly designed, manufactured, fabricated,
installed, distributed, and sold such that it would fail to deploy and operate in

- 5 -

the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

b.    The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.    The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

d.    The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.    The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.    The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

**ANSWER:**    Ford denies each and every allegation contained in paragraph 21 of Count I of plaintiffs' complaint at law, including subparagraphs (a) through (f) thereof.

22.    As a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, FORD MOTOR COMPANY, the airbags failed to deploy and perform in the manner reasonably expected in light of their nature and intended function when the 2005 jaguar struck the guard rail, leading to Plaintiff's injuries and resultant damages.

**ANSWER:**    Ford denies the allegations contained in paragraph 22 of Count I of plaintiffs' complaint at law.

- 6 -

23.    That as a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, FORD MOTOR COMPANY, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**    Ford denies the allegations contained in paragraph 23 of Count I of plaintiffs' complaint at law.

24.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count I of plaintiffs' complaint at law and, therefore said allegations are denied.

25.    On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

**ANSWER:**    Ford denies the allegations contained in paragraph 25 of Count I of plaintiffs' complaint at law.

WHEREFORE, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT II - NEGLIGENCE (FORD MOTOR COMPANY)

1-20. Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count I as paragraphs 1

through 20 of Count II as if fully set forth herein.

**ANSWER:**    Ford adopts and realleges its answers to paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count II as if fully set forth herein.

21.    At the time the 2005 Jaguar left Defendant FORD MOTOR COMPANY'S control,

Defendant owed a duty to exercise reasonable care in manufacturing and producing its automobiles,

and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this

case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including

the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

**ANSWER:**    Ford admits to owing duties imposed by law but denies that plaintiffs have accurately stated those duties and denies any duty under the facts alleged in plaintiffs' complaint. Answering further, Ford denies the remaining allegations contained in paragraph 21 of Count II of plaintiffs' complaint at law.

22.    At the time the 2005 Jaguar left the control of Defendant, FORD MOTOR

COMPANY, it contained a condition that made it unreasonably dangerous in one or more of the

following respects:

       a.    The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

       b.    The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

       c.    The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

- 8 -

d.     The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.     The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.     The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

**ANSWER:**     Ford denies each and every allegation contained in paragraph 22 of Count II of plaintiffs' complaint at law, including subparagraphs (a) through (f) thereof.

23.     Defendant, FORD MOTOR COMPANY, was negligent and careless in its design, production, or manufacture of the 2005 Jaguar and its component parts, including its airbag system, in an unreasonably dangerous condition as stated herein, and was guilty of other careless and negligent acts or omissions in designing and manufacturing the 2005 Jaguar.

**ANSWER:**     Ford denies the allegations contained in paragraph 23 of Count II of plaintiffs' complaint at law.

24.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count II of plaintiffs' complaint at law and, therefore said allegations are denied.

25. As a direct and proximate result of Defendant FORD MOTOR COMPANY'S negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

**ANSWER:** Ford denies the allegations contained in paragraph 25 of Count II of plaintiffs' complaint at law.

26. As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, FORD MOTOR COMPANY, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:** Ford denies the allegations contained in paragraph 26 of Count II of plaintiffs' complaint at law.

WHEREFORE, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT III - RES IPSA LOQUITUR (FORD MOTOR COMPANY)

This defendant makes no answer to the allegations contained in Count III of plaintiffs' complaint at law because the allegations are subject to a separately filed motion to dismiss.

- 10 -

## COUNT IV - BREACH OF WARRANTY (FORD MOTOR COMPANY)

1-20.   Plaintiffs adopt and re-allege paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count IV as if fully set forth herein.

**ANSWER:**   Ford adopts and realleges its answers to paragraphs 1 through 20 of Count I as paragraphs 1 through 20 of Count IV as if fully set forth herein.

21.   Defendant, FORD MOTOR COMPANY, is a merchant of Jaguar X-Type automobiles, including Plaintiff's 2005 Jaguar, and their component parts.

**ANSWER:**   Ford admits that it has distributed certain Jaguar automobiles. Further answering, Ford denies the remaining allegations contained in paragraph 21 of Count IV.

22.   On July 23, 2005, Defendant, FORD MOTOR COMPANY, did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

**ANSWER:**   Ford denies the allegations contained in paragraph 22 of Count IV.

23.   On July 23, 2005, Defendant, FORD MOTOR COMPANY, through JAGUAR ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

**ANSWER:**   Ford denies the allegations contained in paragraph 23 of Count IV.

24.   That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**   Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of Count IV of plaintiffs' complaint at law and, therefore said allegations are denied.

25.   That on and before January 7, 2006, the Defendant, FORD MOTOR COMPANY, did expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable quality and safe for their intended use.

**ANSWER:**   Ford denies the allegations contained in paragraph 25 of Count IV.

26.     Plaintiff relied on the representation and warranty in purchasing and paying for the

2005 Jaguar.

**ANSWER:**    Ford denies the allegations contained in paragraph 26 of Count IV.

27.     That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it

was intended: for transportation.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of Count IV of plaintiffs' complaint at law and, therefore said allegations are denied.

28.     At the time of sale and delivery, the 2005 Jaguar and component parts were not as

warranted to the Plaintiff because:

      a.     The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guard rail;

      b.     The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

      c.     The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

      d.     The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

      e.     The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

      f.     The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guardrail.

**ANSWER:**    Ford denies the allegations contained in paragraph 22 of Count IV, including subparagraphs (a) through (f) thereof.

29.     As a result of the breach of warranty, the Plaintiff sustained severe and permanent

injuries, and was and will be in the future hindered and prevented in whole or in part from attending

- 12 -

to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned.

Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future

continue to suffer; Plaintiff further expended and became liable for and will in the future expend and

become liable for large sums of money for medical care and services endeavored to become healed

and cured of said injuries.

**ANSWER:**   Ford denies the allegations contained in paragraph 29 of Count IV of plaintiffs' complaint at law.

30.   Plaintiff's injury and damages were caused proximately and due to the fact the goods

were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the

time or immediately after the 2005 Jaguar struck the guard rail.

**ANSWER:**   Ford denies the allegations contained in paragraph 30 of Count IV of plaintiffs' complaint at law.

WHEREFORE, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are

entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment

in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT V - LOSS OF CONSORTIUM (FORD MOTOR COMPANY)

1-80.   Plaintiffs adopt and re-allege paragraphs 1 through 25 of Count I, 1 through 26 of

Count II, and 1 through 29 of Count III as paragraphs 1 through 80 of Count V as if fully set forth

herein.

**ANSWER:**   Ford adopts and realleges its answers to paragraphs 1 through 25 of Count I, 1 through 26 of Count II, and 1 through 29 of Count III as paragraphs 1 through 80 of Count V as if fully set forth herein.

81.   That at all times relevant hereto Plaintiffs, MIKE ANDREESCU and MADALINA

ANDREESCU, were duly and lawfully married and were living together as husband and wife.

- 13 -

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 81 of Count V of plaintiffs' complaint at law and, therefore said allegations are denied.

82.    That as a direct and proximate result of the above and foregoing, the Plaintiffs have suffered and will in the future suffer, loss of consortium, companionship, services, affection and society.

**ANSWER:**    Ford denies the allegations contained in paragraph 82 of Count V of plaintiffs' complaint at law.

WHEREFORE, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

### COUNT VI - STRICT PRODUCT LIABILITY (JAGUAR CARS, LTD.)

Ford makes no answer to the allegations contained in Count VI of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

### COUNT VII - NEGLIGENCE (JAGUAR CARS, LTD.)

Ford makes no answer to the allegations contained in Count VII of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

### COUNT VIII - *RES IPSA LOQUITUR* (JAGUAR CARS, LTD.)

Ford makes no answer to the allegations contained in Count VIII of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

### COUNT IX - BREACH OF WARRANTY (JAGUAR CARS, LTD.)

- 14 -

Ford makes no answer to the allegations contained in Count IX of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## COUNT X - LOSS OF CONSORTIUM (JAGUAR CARS, LTD.)

Ford makes no answer to the allegations contained in Count X of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## COUNT XI - STRICT PRODUCT LIABILITY (JAGUAR ELMHURST, LTD.)

Ford makes no answer to the allegations contained in Count XI of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## COUNT XII - NEGLIGENCE (JAGUAR ELMHURST, LTD.)

Ford makes no answer to the allegations contained in Count XII of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## COUNT XIII - RES IPSA LOQUITUR (JAGUAR ELMHURST, LTD.)

Ford makes no answer to the allegations contained in Count XIII of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## COUNT XIV - BREACH OF WARRANTY (JAGUAR ELMHURST, LTD.)

Ford makes no answer to the allegations contained in Count XIV of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

### COUNT XV - LOSS OF CONSORTIUM (JAGUAR ELMHURST, LTD.)

Ford makes no answer to the allegations contained in Count XV of plaintiffs' complaint at law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

WHEREFORE, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.     On information and belief the plaintiff driver of the subject vehicle failed to exercise due care for his own safety due to one or more of the following negligent acts and/or omissions that resulted in the alleged damages:

a.     failed to control the vehicle in a safe and appropriate manner;

b.     failed to keep a proper lookout;

c.     failed to properly secure himself within the vehicle;

d.     failed to properly steer and brake the vehicle;

e.     failed to properly maintain the condition of the tires on the vehicle;

f.     operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.   committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.   Plaintiffs' damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

WHEREFORE, the defendant, Ford Motor Company, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

## SECOND AFFIRMATIVE DEFENSE

1.   On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.   failed to control the vehicle in a safe and appropriate manner;

b.   failed to keep a proper lookout;

c.   failed to properly secure himself within the vehicle;

d.   failed to properly steer and brake the vehicle;

e.   failed to properly maintain the condition of the tires on the vehicle;

f.   operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.   committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

WHEREFORE, the defendant, Ford Motor Company, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

### THIRD AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

a.    failed to control the vehicle in a safe and appropriate manner;

b.    failed to keep a proper lookout;

c.    failed to properly secure himself within the vehicle;

d.    failed to properly steer and brake the vehicle;

e.    failed to properly maintain the condition of the tires on the vehicle;

f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiffs' alleged injuries and damages and constitute more than

fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

WHEREFORE, the defendant, Ford Motor Company, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

**FOURTH AFFIRMATIVE DEFENSE**

The fault, if any, attributable to Ford Motor Company is less than twenty-five percent of the total fault attributable to each respective plaintiff, each defendant sued by plaintiff, Ford Motor Company, and any counter-defendant sued by Ford Motor Company, if any. Pursuant to §2-1117 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Ford Motor Company is severably liable for all damages claimed by plaintiffs, other than their past and future medical and medically related expenses.

Respectfully submitted,

By: _____

One of the Attorneys for the Defendant, FORD MOTOR COMPANY

I.D. #32878
DONOHUE BROWN MATHEWSON & SMYTH LLC
John A. Krivicich
Edward E. Fu
140 South Dearborn Street, Suite 800
Chicago, IL 60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909

STATE OF ILLINOIS  )
        ) SS
COUNTY OF C O O K )

### **AFFIDAVIT**

  I, John A. Krivicich, having been duly sworn on oath, state that I am an attorney licensed to practice in the State of Illinois and that within my responsibilities I have been assigned the defense of Ford Motor Company in this matter. I have reviewed the file material available to me at the time of preparation of the Answer on behalf of Ford Motor Company, and prepared and reviewed the foregoing Answer. The statements that this defendant, Ford Motor Company, is without knowledge or information sufficient to form a belief as to the truth or falsity of the plaintiff's allegation are true and correct to the best of my knowledge and belief.

         _____
         John A. Krivicich


SUBSCRIBED AND SWORN TO before me this

  14th day of February , 2008

_____
  Notary Public

"OFFICIAL SEAL"
SHARON M. SKIERKIEWICZ
Notary Public, State of Illinois
My Commission Expires 2/9/10

- 20 -

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( | ) |
|---|---|---|---|

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW _____ DIVISION

(Name all parties)
Mike Andreescu and Madalina D. Andreescu

v.

Ford Motor Company; Jaguar Cars, LTD; Jaguar Elmhurst, LTD

No. _____

Jaguar Cars, LTD
c/o CT Corporation System
208 S LaSalle St Suite 814
Chicago, IL 60604

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 801 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 37410

Name: O'Connor & Karnes

Atty. for: Mike Andreescu and Madalina D. Andreescu

Address: 20 S Clark St Suite 2000

City/State/Zip: Chicago, IL 60603

Telephone: 312-629-8900

Service by Facsimile Transmission will be accepted at: _____

WITNESS._____, _____

_____
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

2120 – Served                          2121 – Served
2220 – Not Served                      2221 – Not Served
2320 – Served By Mail                  2321 – Served By Mail
2420 – Served By Publication           2421 – Served By Publication
SUMMONS                  ALIAS - SUMMONS        CCG N001-10M-1-07-05 (                    )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, ___LAW___ DIVISION

**(Name all parties)**
Mike Andreescu and Madalina D. Andreescu

v.

Ford Motor Company; Jaguar Cars, LTD; Jaguar Elmhurst,
LTD

No. _____

Ford Motor Company
c/o CT Corporation System
208 S LaSalle St Suite 814
Chicago, IL 60604

### SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801_____, Chicago, Illinois 60602

❑ District 2 - Skokie          ❑ District 3 - Rolling Meadows       ❑ District 4 - Maywood
5600 Old Orchard Rd.          2121 Euclid                         1500 Maybrook Ave.
Skokie, IL 60077              Rolling Meadows, IL 60008           Maywood, IL 60153

❑ District 5 - Bridgeview      ❑ District 6 - Markham              ❑ Child Support
10220 S. 76th Ave.            16501 S. Kedzie Pkwy.               28 North Clark St., Room 200
Bridgeview, IL 60455          Markham, IL 60426                   Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 37410

Name: O'Connor & Karnes

Atty. for: Mike Andreescu and Madalina D. Andreescu

Address: 20 S Clark St Suite 2000

City/State/Zip: Chicago, IL 60603

Telephone: 312-629-8900

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____ 0 4 2008 _____

_____
**Clerk of Court**

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)   (Facsimile Telephone Number)

### DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS