080131.40

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

MIKE ANDREESCU and
MADALINA D. ANDREESCU,

          Plaintiffs,

     v.

FORD MOTOR COMPANY, and
JAGUAR CARS LIMITED, a subsidiary of
FORD MOTOR COMPANY,

          Defendants.

No.   08 cv 1663

Judge Charles P. Kocoras

Magistrate Judge Martin C. Ashman

## FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT AT LAW

NOW COMES defendant, FORD MOTOR COMPANY ("Ford"), by its attorneys, John A. Krivicich, Edward E. Fu and DONOHUE BROWN MATHEWSON & SMYTH LLC, and hereby submits its answer to Plaintiffs' First Amended Complaint at Law as follows:

## COUNT I - STRICT PRODUCT LIABILITY (FORD MOTOR COMPANY)

1.     Defendant, FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling, Jaguar automobiles and their component parts.

**ANSWER:**    Ford admits that it is a Delaware corporation doing business in Illinois.  Ford admits that it at times distributed certain Jaguar automobiles from Jaguar Cars, Limited to Jaguar dealers.  Ford denies the remaining allegations in paragraph 1 of Count I of plaintiffs' First Amended Complaint at Law.

2.     Defendant, JAGUAR CARS LIMITED, a subsidiary of FORD MOTOR COMPANY, is a Delaware corporation doing business in Illinois, which at all relevant times was and is engaged in the business of designing, manufacturing, and selling, automobiles and their component parts.

**ANSWER:**   Ford admits that Jaguar Cars Limited is a subsidiary of Ford and in the business of designing in part, manufacturing in part and selling Jaguar automobiles. Ford denies that Jaguar Cars Limited is a Delaware corporation. Answering further, Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 2 of Count I of plaintiffs' First Amended Complaint at Law.

3.     Defendant, JAGUAR ELMHURST, LTD., is an Illinois Corporation doing business in Illinois, which at all relevant times was and is engaged in the business of retailing, selling, distributing, repairing, and maintaining automobiles manufactured by FORD MOTOR COMPANY and/or JAGUAR CARS LIMITED, to consumers.

**ANSWER:**   Ford denies that Jaguar Elmhurst Ltd. is a dealer in new Ford cars. Answering further, Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 3 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

4.     At all relevant times, Plaintiff, MIKE ANDREESCU, was a resident of Lombard, Illinois.

**ANSWER:**   Ford admits the allegations contained in paragraph 4 of Count I of plaintiffs' First Amended Complaint at Law.

5.     Plaintiff purchased a new 2005 Jaguar X-Type automobile, VIN # SAJW352D45XE21837 ("2005 Jaguar"), manufactured by FORD MOTOR COMPANY, from JAGUAR ELMHURST, LTD., 466 W. Lake Street, Elmhurst, Illinois.

**ANSWER:**   Ford denies that it manufactured the 2005 Jaguar. Further answering, Ford lacks knowledge or information sufficient to form belief as to the truth or falsity of the remaining allegations, and therefore said allegations are denied.

6.     At all relevant times, FORD MOTOR COMPANY was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**   Ford admits that it distributed certain Jaguar cars but denies that it designed, manufactured or sold the 2005 Jaguar. Further answering, Ford lacks knowledge or

information sufficient to form a belief as to the truth or falsity of the remaining allegations, and therefore said allegations are denied.

7.    At all relevant times, JAGUAR CARS LIMITED, was the designer, manufacturer, and seller of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 7 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

8.    At all relevant times, JAGUAR ELMHURST, LTD., was the retailer, seller, and distributor of the new 2005 Jaguar which was sold to Mike Andreescu.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 8 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

9.    At all relevant times FORD MOTOR COMPANY was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**    Ford admits that it is generally engaged in the business of selling motor vehicles but denies that it sold the 2005 Jaguar.  Further answering, Ford denies the remaining allegations contained in paragraph 9 of Count I of plaintiffs' First Amended Complaint at Law.

10.    At all relevant times JAGUAR CARS LIMITED, was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream or commerce.

**ANSWER:**    Ford admits that Jaguar Cars Limited sells certain automobiles.  Answering further, Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in paragraph 10 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

11.    At all relevant times JAGUAR ELMHURST, LTD., was and is engaged in the business of placing automobiles, including the 2005 Jaguar, in the stream of commerce.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

12.     Prior to January 7, 2006, Defendant FORD MOTOR COMPANY placed the new 2005 Jaguar in the stream of commerce.

**ANSWER:**     Ford admits that it is generally engaged in the business of selling motor vehicles but denies that it sold the 2005 Jaguar.  Further answering, Ford denies any remaining allegations inconsistent with the foregoing statement.

13.     Prior to January 7, 2006, Defendant JAGUAR CARS LIMITED placed the new 2005 Jaguar in the stream of commerce.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 13 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

14.     Prior to January 7, 2006, Defendant JAGUAR ELMHURST, LTD. placed the new 2005 Jaguar in the stream of commerce.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 14 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

15.     FORD MOTOR COMPANY failed to adequately warn and/or instruct Plaintiff with regard to the non-deployment situations of airbags in crash/impact occurrences.

**ANSWER:**     Ford denies any duty to warn or instruct under the facts alleged in plaintiffs' complaint and otherwise denies the allegations contained in paragraph 15 of Count I of plaintiffs' First Amended Complaint at Law.

16.     On January 7, 2006, at approximately 12:13 p.m., the Plaintiff, MIKE ANDREESCU, was operating the subject 2005 Jaguar, in a northbound direction on Interstate 294 at or about milepost 36.8, near Leyden Township, County of Cook, and State of Illinois.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 16 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

17.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff applied the brakes of the subject 2005 Jaguar and the right front brake of the Jaguar locked.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 17 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

18.    On January 7, 2006, at approximately 12:13 p.m., the 2005 Jaguar went into a 90 degree pivot turn to the right and struck the guard rail at the east side of Interstate 294 flush across the front bumper of the 2005 Jaguar.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

19.    On January 7, 2006, after striking the guard rail, the vehicle came into contact with other stationary objects on the sides and roof of the vehicle.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

20.    On January 7, 2006, all of the 2005 Jaguar's air bags, including the driver's side airbag, failed to deploy when the 2005 Jaguar struck the guard rail at the east side of Interstate 294.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 20 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

21.    On January 7, 2006, at approximately 12:13 p.m., the Plaintiff was using the 2005 Jaguar for its intended purpose: transportation.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 21 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

22.     At the time the 2005 Jaguar left the control of Defendant, FORD MOTOR COMPANY, it contained a defective condition that made it unreasonably dangerous to consumers, including Plaintiff, in one or more of the following respects:

    a.    The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

    b.    The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    c.    The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    d.    The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

    e.    The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

    f.    The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

**ANSWER:**     Ford denies each and every allegation contained in paragraph 22 of Count I of plaintiffs' First Amended Complaint at Law, including subparagraphs (a) through (f) thereof.

23.     As a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, FORD MOTOR COMPANY, the airbags failed to

- 6 -

deploy and perform in the manner reasonably expected in light of their nature and intended function when the 2005 jaguar struck the guard rail, leading to Plaintiff's injuries and resultant damages.

**ANSWER:**     Ford denies the allegations contained in paragraph 23 of Count I of plaintiffs' First Amended Complaint at Law.

24.     That as a direct and proximate result of the unreasonably dangerous condition of the 2005 Jaguar when it left the control of Defendant, FORD MOTOR COMPANY, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**     Ford denies the allegations contained in paragraph 24 of Count I of plaintiffs' First Amended Complaint at Law.

25.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Count I of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

26.     On January 7, 2006, the Plaintiff was injured because the 2005 Jaguar's airbags failed to deploy at the time the 2005 Jaguar struck the guard rail and there was no reasonable secondary cause of Plaintiff's injuries.

**ANSWER:**     Ford denies the allegations contained in paragraph 26 of Count I of plaintiffs' First Amended Complaint at Law.

**WHEREFORE**, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT II - NEGLIGENCE (FORD MOTOR COMPANY)

1-21.  Plaintiffs adopt and re-allege paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of Count II as if fully set forth herein.

**ANSWER:**   Ford adopts and realleges its answers to paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of Count II as if fully set forth herein.

22.   At the time the 2005 Jaguar left Defendant FORD MOTOR COMPANY'S control, Defendant owed a duty to exercise reasonable care in manufacturing and producing its automobiles, and in particular Plaintiff's 2005 Jaguar X-Type VIN #SAJW352D45XE21837 complained of in this case, so that said 2005 Jaguar was not unreasonably dangerous when used by the public, including the Plaintiff, for its intended purpose or for any purpose which could be reasonably anticipated.

**ANSWER:**   Ford admits to owing duties imposed by law but denies that plaintiffs have accurately stated those duties and denies any duty under the facts alleged in plaintiffs' complaint.  Answering further, Ford denies the remaining allegations contained in paragraph 22 of Count II of plaintiffs' First Amended Complaint at Law.

23.   At the time the 2005 Jaguar left the control of Defendant, FORD MOTOR COMPANY, it contained a condition that made it unreasonably dangerous in one or more of the following respects:

    a.    The airbag system was improperly designed, manufactured, fabricated, installed, distributed, and sold such that it would fail to deploy and operate in the manner reasonably expected in light of its nature and intended function when the 2005 Jaguar struck the guard rail;

    b.    The airbag and airbag sensors were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

c.    The airbag igniter and inflator unit were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

d.    The airbag module and module cover were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail;

e.    The occupant sensing devices were improperly designed, manufactured, fabricated, installed, distributed, and sold such that they failed to operate in the manner reasonably expected in light of their nature and intended function when the 2005 Jaguar struck the guard rail; and,

f.    The 2005 Jaguar was otherwise improperly designed, manufactured, fabricated, installed, distributed, and sold such that it failed to operate in the manner reasonably expected in light of its nature and intended function when it struck the guard rail.

**ANSWER:**    Ford denies each and every allegation contained in paragraph 23 of Count II of plaintiffs' First Amended Complaint at Law, including subparagraphs (a) through (f) thereof.

24.    Defendant, FORD MOTOR COMPANY, was negligent and careless in its design, production, or manufacture of the 2005 Jaguar and its component parts, including its airbag system, in an unreasonably dangerous condition as stated herein, and was guilty of other careless and negligent acts or omissions in designing and manufacturing the 2005 Jaguar.

**ANSWER:**    Ford denies the allegations contained in paragraph 24 of Count II of plaintiffs' First Amended Complaint at Law.

25.    That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Count II of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

- 9 -

26.    As a direct and proximate result of Defendant FORD MOTOR COMPANY'S negligence, Plaintiff was injured on January 7, 2006, when the airbags of his 2005 Jaguar failed to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

**ANSWER:**    Ford denies the allegations contained in paragraph 26 of Count II of plaintiffs' First Amended Complaint at Law.

27.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts and/or omissions of Defendant, FORD MOTOR COMPANY, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**    Ford denies the allegations contained in paragraph 27 of Count II of plaintiffs' First Amended Complaint at Law.

**WHEREFORE**, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT III - BREACH OF WARRANTY (FORD MOTOR COMPANY)

1-21.    Plaintiffs adopt and re-allege paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of Count III as if fully set forth herein.

**ANSWER:**    Ford adopts and realleges its answers to paragraphs 1 through 21 of Count I as paragraphs 1 through 21 of Count III as if fully set forth herein.

- 10 -

22.     Defendant, FORD MOTOR COMPANY, is a merchant of Jaguar X-Type automobiles, including Plaintiff's 2005 Jaguar, and their component parts.

**ANSWER:**     Ford admits that it has distributed certain Jaguar automobiles.  Further answering, Ford denies the remaining allegations contained in paragraph 22 of Count III of plaintiffs' First Amended Complaint at Law.

23.     On July 23, 2005, Defendant, FORD MOTOR COMPANY, did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

**ANSWER:**     Ford denies the allegations contained in paragraph 23 of Count III of plaintiffs' First Amended Complaint at Law.

24.     On July 23, 2005, Defendant, FORD MOTOR COMPANY, through JAGUAR ELMHURST, LTD., did sell the subject 2005 Jaguar to the Plaintiff in the amount of $35,074.20.

**ANSWER:**     Ford denies the allegations contained in paragraph 24 of Count III of plaintiffs' First Amended Complaint at Law.

25.     That from the time of its sale up to the time of the collision, the 2005 Jaguar was in the same condition as at the time of sale other than normal usage.

**ANSWER:**     Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of Count III of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

26.     That on and before January 7, 2006, the Defendant, FORD MOTOR COMPANY, did expressly and impliedly warrant that the 2005 Jaguar and its component parts were of merchantable quality and safe for their intended use.

**ANSWER:**     Ford denies the allegations contained in paragraph 26 of Count III of plaintiffs' First Amended Complaint at Law.

27.     Plaintiff relied on the representation and warranty in purchasing and paying for the 2005 Jaguar.

- 11 -

**ANSWER:**   Ford denies the allegations contained in paragraph 27 of Count III of plaintiffs' First Amended Complaint at Law.

28.   That on and before January 7, 2006, Plaintiff was using the 2005 Jaguar in the way it was intended: for transportation.

**ANSWER:**   Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of Count III of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

29.   At the time of sale and delivery, the 2005 Jaguar and component parts were not as warranted to the Plaintiff because:

    a.   The airbags of the 2005 Jaguar failed to deploy and operate when the 2005 Jaguar struck the guard rail;

    b.   The airbag system of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

    c.   The airbag sensors of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

    d.   The airbag igniter and inflator unit of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail;

    e.   The airbag module and module cover of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guard rail; and,

    f.   The occupant sensing devices of the 2005 Jaguar failed to operate when the 2005 Jaguar struck the guardrail.

**ANSWER:**   Ford denies the allegations contained in paragraph 29 of Count III of plaintiffs' First Amended Complaint at Law, including subparagraphs (a) through (f) thereof.

30.   As a result of the breach of warranty, the Plaintiff sustained severe and permanent injuries, and was and will be in the future hindered and prevented in whole or in part from attending to his usual duties and affairs of life, has lost, and will lose, the value of that time as aforementioned. Further, Plaintiff suffered great pain and anguish, both in mind and body, and will in the future

continue to suffer; Plaintiff further expended and became liable for and will in the future expend and become liable for large sums of money for medical care and services endeavored to become healed and cured of said injuries.

**ANSWER:**    Ford denies the allegations contained in paragraph 30 of Count III of plaintiffs' First Amended Complaint at Law.

31.    Plaintiff's injury and damages were caused proximately and due to the fact the goods were not "merchantable" resulting in the failure of the airbags of the 2005 Jaguar to deploy at the time or immediately after the 2005 Jaguar struck the guard rail.

**ANSWER:**    Ford denies the allegations contained in paragraph 31 of Count III of plaintiffs' First Amended Complaint at Law.

**WHEREFORE**, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT IV - LOSS OF CONSORTIUM (FORD MOTOR COMPANY)

1-53.    Plaintiffs adopt and re-allege paragraphs 1 through 26 of Count I, and 1 through 27 of Count II, as paragraphs 1 through 53 of Count IV as if fully set forth herein.

**ANSWER:**    Ford adopts and realleges its answers to paragraphs 1 through 26 of Count I, and 1 through 27 of Count II, as paragraphs 1 through 53 of Count IV as if fully set forth herein.

54.    That at all times relevant hereto Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, were duly and lawfully married and were living together as husband and wife.

**ANSWER:**    Ford lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of Count IV of plaintiffs' First Amended Complaint at Law and, therefore said allegations are denied.

- 13 -

55.     That as a direct and proximate result of the above and foregoing, the Plaintiffs have suffered and will in the future suffer, loss of consortium, companionship, services, affection and society.

**ANSWER:**     Ford denies the allegations contained in paragraph 55 of Count IV of plaintiffs' First Amended Complaint at Law.

**WHEREFORE**, this defendant, FORD MOTOR COMPANY, denies that the plaintiffs are entitled to judgment against it in any amount whatsoever and requests that this Court enter judgment in its favor and against plaintiff and award its costs in defending the lawsuit.

## COUNT V - STRICT PRODUCT LIABILITY (JAGUAR CARS LIMITED)

Ford makes no answer to the allegations contained in Count V of plaintiffs' First Amended Complaint at Law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## COUNT VI - NEGLIGENCE (JAGUAR CARS LIMITED)

Ford makes no answer to the allegations contained in Count VI of plaintiffs' First Amended Complaint at Law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## COUNT VII - BREACH OF WARRANTY (JAGUAR CARS LIMITED)

Ford makes no answer to the allegations contained in Count VII of plaintiffs' First Amended Complaint at Law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## COUNT VIII - LOSS OF CONSORTIUM (JAGUAR CARS LIMITED)

Ford makes no answer to the allegations contained in Count VIII of plaintiffs' First Amended Complaint at Law because the allegations are not directed towards it. To the extent that any of the allegations could be construed as directed against Ford, they are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

1.      On information and belief the plaintiff driver of the subject vehicle failed to exercise due care for his own safety due to one or more of the following negligent acts and/or omissions that resulted in the alleged damages:

     a.      failed to control the vehicle in a safe and appropriate manner;

     b.      failed to keep a proper lookout;

     c.      failed to properly secure himself within the vehicle;

     d.      failed to properly steer and brake the vehicle;

     e.      failed to properly maintain the condition of the tires on the vehicle;

     f.      operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

     g.      committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.      Plaintiffs' damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, the defendant, Ford Motor Company, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

## SECOND AFFIRMATIVE DEFENSE

- 15 -

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

    a.    failed to control the vehicle in a safe and appropriate manner;

    b.    failed to keep a proper lookout;

    c.    failed to properly secure himself within the vehicle;

    d.    failed to properly steer and brake the vehicle;

    e.    failed to properly maintain the condition of the tires on the vehicle;

    f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

    g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, the defendant, Ford Motor Company, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

## <u>THIRD AFFIRMATIVE DEFENSE</u>

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

- 16 -

a.    failed to control the vehicle in a safe and appropriate manner;

b.    failed to keep a proper lookout;

c.    failed to properly secure himself within the vehicle;

d.    failed to properly steer and brake the vehicle;

e.    failed to properly maintain the condition of the tires on the vehicle;

f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

2.    Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**WHEREFORE**, the defendant, Ford Motor Company, prays for judgment in its favor and against the plaintiffs plus costs and any other further relief this court deems appropriate under the circumstances.

## <u>FOURTH AFFIRMATIVE DEFENSE</u>

The fault, if any, attributable to Ford Motor Company is less than twenty-five percent of the total fault attributable to each respective plaintiff, each defendant sued by plaintiff, Ford Motor Company, and any counter-defendant sued by Ford Motor Company, if any. Pursuant to §2-1117 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Ford Motor Company is severably liable for all damages claimed by plaintiffs, other than their past and future medical and medically related expenses.

Respectfully submitted,

- 17 -

FORD MOTOR COMPANY

By:     s/John A. Krivicich_____
        John A. Krivicich (ARDC #3127319)
        Edward E. Fu (ARDC #6289519)
        DONOHUE BROWN MATHEWSON & SMYTH LLC
        140 South Dearborn Street, Suite 800
        Chicago, IL  60603
        Telephone:     (312) 422-0900
        Facsimile:     (312) 422-0909

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 25, 2008, I electronically filed Ford Motor Company's Answer to Plaintiffs' First Amended Complaint at Law with the Clerk of the United States District Court for the Northern District of Illinois using the CM/ECF system.

I further certify that a copy of this document was sent to the following by U.S. Mail on March 25, 2008.


Evan B. Karnes
O'Connor & Karnes
20 S. Clark Street, Suite 2000
Chicago, IL 60603


s/ John A. Krivicich
John A. Krivicich (ARDC #3127319)
Edward E. Fu (ARDC #6289519)
DONOHUE BROWN MATHEWSON & SMYTH LLC
140 South Dearborn Street, Suite 800
Chicago, IL  60603
Telephone:    (312) 422-0900
Facsimile:    (312) 422-0909