IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MIKE ANDREESCU, and <br> MADALINA D. ANDREESCU, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | |
| v. | ) <br> ) | Case No.:  08 CV 1663 |
| FORD MOTOR COMPANY, <br> JAGUAR CARS LIMITED, a subsidiary of <br> FORD MOTOR COMPANY, | ) <br> ) <br> ) <br> ) | Judge Charles P. Kocoras <br><br> Magistrate Judge Martin C. Ashman |
| Defendants. | ) | |

## ANSWER TO AFFIRMATIVE DEFENSES OF DEFENDANT FORD MOTOR COMPANY

NOW COME Plaintiffs, MIKE ANDREESCU and MADALINA D. ANDREESCU, by their attorneys, O'CONNOR & KARNES, and for their answer to Defendant FORD MOTOR COMPANYS' Affirmative Defenses to Plaintiffs' First Amended Complaint at Law, state:

## FIRST AFFIRMATIVE DEFENSE

1.  On information and belief the plaintiff driver of the subject vehicle failed to exercise due care for his own safety due to one or more of the following negligent acts and/or omissions that resulted in the alleged damages:

   a. failed to control the vehicle in a safe and appropriate manner;

   b. failed to keep a proper lookout;

   c. failed to properly secure himself within the vehicle;

   d. failed to properly steer and brake the vehicle;

    e.    failed to properly maintain the condition of the tires on the vehicle;

    f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

    g.    committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's First Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

2.    Plaintiffs' damages, if any, were caused by the direct and proximate result of the fault/negligence of plaintiff and constituted more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's First Affirmative Defense and demand proof thereof.

## SECOND AFFIRMATIVE DEFENSE

1.    On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with knowledge that an accident such as the one described in plaintiffs' complaint could occur:

    a.    failed to control the vehicle in a safe and appropriate manner;

    b.    failed to keep a proper lookout;

    c.    failed to properly secure himself within the vehicle;

    d.    failed to properly steer and brake the vehicle;

    e.    failed to properly maintain the condition of the tires on the vehicle;

  f.  operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

  g.  committed other negligent acts and/or omissions as may be disclosed during the course of discovery.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's Second Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

  2.  Such knowing acts and/or omissions constitute assumption of the risk and was a proximate cause of plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's Second Affirmative Defense and demand proof thereof.

### THIRD AFFIRMATIVE DEFENSE

  1.  On information and belief the plaintiff driver of the subject vehicle knowingly failed to exercise due care for his own safety and engaged in one or more of the following culpable acts and/or omissions with the knowledge that an accident such as the one described in plaintiffs' complaint could occur:

  a.  failed to control the vehicle in a safe and appropriate manner;

  b.  failed to keep a proper lookout;

  c.  failed to properly secure himself within the vehicle;

  d.  failed to properly steer and brake the vehicle;

  e.  failed to properly maintain the condition of the tires on the vehicle;

    f.    operated the vehicle at an unsafe speed and/or in an unsafe manner, and/or;

    g.    committed other negligent acts and/or omissions as may be disclosed during the, course of discovery.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 1 of Defendant's Third Affirmative Defense, including subparagraphs (a) through (g), and demand proof thereof.

    2.    Such knowing acts and/or omissions constitute misuse of the product at issue and was the proximate cause of the plaintiffs' alleged injuries and damages and constitute more than fifty percent of such cause and plaintiffs' claims are therefore barred or must be comparatively reduced.

**ANSWER:** Plaintiffs deny the allegations contained in Paragraph 2 of Defendant's Third Affirmative Defense and demand proof thereof.

## FOURTH AFFIRMATIVE DEFENSE

The fault, if any, attributable to Ford Motor Company is less than twenty-five percent of the total fault attributable to each respective plaintiff, each defendant sued by plaintiff, Ford Motor Company, and any counter-defendant sued by Ford Motor Company, if any. Pursuant to §2-1117 of the Illinois Code of Civil Procedure, 735 ILCS 5/2-1117, Ford Motor Company is severably liable for all damages claimed by plaintiffs, other than their past and future medical and medically related expenses.

**ANSWER:** Plaintiffs admit the existence of 735 ILCS 5/2-1117 but deny its applicability herein and deny the remaining allegations contained in Defendant's Fourth Affirmative Defense and demand proof thereof.

4

5

WHEREFORE, Plaintiffs, MIKE ANDREESCU and MADALINA ANDREESCU, deny the Defendant is entitled to any relief under its affirmative defenses and respectfully requests this Court to dismiss Defendant's affirmative defenses with prejudice and with costs upon Defendant, and for such other relief as may be appropriate under the circumstances.

Respectfully submitted,

 /s/ Neil D. O'Connor
One of the Attorneys for Plaintiffs
MIKE ANDREESCU, and
MADALINA D. ANDREESCU

Neil D. O'Connor
Evan B. Karnes II
O'Connor & Karnes
20 South Clark Street, Suite 2000
Chicago, IL 60603
(312) 629-8900

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MIKE ANDREESCU and ) <br> MADALINA D. ANDREESCU, ) <br> ) <br>       Plaintiffs, ) <br> ) <br>       v. ) <br> ) <br> FORD MOTOR COMPANY, and ) <br> JAGUAR CARS LIMITED, a subsidiary of ) <br> FORD MOTOR COMPANY, ) <br> ) <br>       Defendants. ) | No.  08 CV 1663 <br><br> Judge Charles P. Kocoras <br><br> Magistrate Judge Martin C. Ashman |

**NOTICE OF FILING**

    PLEASE TAKE NOTICE that on the 14th day of April, 2008, we e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, *Answer to Affirmative Defenses of Defendant Ford Motor Company*, a copy of which is attached hereto.

                                       Respectfully submitted,

                                       /s/Neil D. O'Connor__
                                       One of the Attorneys for the Plaintiffs
                                       MIKE AND MADALINA ANDREESCU

**O'CONNOR & KARNES**
20 South Clark Street
Suite 2000
Chicago, IL 60603
(312) 629-8900

                                       CERTIFICATE OF SERVICE

    The undersigned, being first duly sworn on oath, states pursuant to Local Rule 12c that copies of documents required to be served by F.R.C.P. 5(a) have been served; that the undersigned served the above and foregoing document upon all persons entitled to notice in this cause on Monday, April 14, 2008. Pursuant to 28 U.S.C.§ 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

                                         /s/Neil D. O'Connor